UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 12  P 1: 48

US DISTRICT COURT
BRIDGEPORT CT

MARSHALL CHAMBERS,  }
          Plaintiff  } CIVIL NR.   3:00 CV 656S
v.  }
  }
  }
ANTHONY J. PRINCIPI,  } DATE:   Monday, 12 January 2004
Secretary, U.S. Department of Veterans Affairs  }
          Defendant  }

### PLAINTIFF'S MOTION TO RECONSIDER NUNC PRO TUNC

1. Marshall Chambers, hereinafter called "Plaintiff," hereby moves this Court, Nunc Pro Tunc, to reconsider its decision granting Summary Judgment as to Plaintiff's retaliation claim(s) with respect to above-captioned matter. In support of this Motion, Plaintiff represents the following:

A. Section 704(a) of Title VII prohibits an employer from discriminating "[A]gainst any of his employees ... because [the employee] has opposed any practice made unlawful by this subchapter." *42 U.S.C. 2000e-3(a)*.

B. To prove a prima facie case under Section 704, plaintiff must establish (1) There was a statutorily protected participation; (2) An adverse employment action occurred; and (3) There was a causal link between the participation and the adverse employment action(s). <u>Whatley v. Metro. Atlanta Transit Authority</u>, *632 F. 2d 1325, 1328, 24 FEP 1148, 1150 (5th. Cir. 1980)*.

C. The standards for a prima facie case of retaliation are thus that the "plaintiff must show participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action." Id.; <u>Johnson v. Palma</u>, 931 F.2d 203, 207 (2d Cir.1991). The necessary causal connection may be established "either 'indirectly by showing that the protected activity was followed closely by discriminatory treatment ... or directly through evidence of retaliatory animus directed against a plaintiff by the defendant.'" <u>Johnson,</u> at 207 (citing <u>DeCintio v. Westchester County Medical Center</u>, 821 F.2d 111, 115 (2d Cir.1987), cert. denied, 108 S.Ct. 455 (1987)). On pretext and retaliation,

1

see also <u>White v. Gallagher Bassett Services</u>, Civil Action No.02-2364, April 22, 2003, 257 F. Supp.2d 804 (Exhibit G) and <u>Brown v Prudential Bache Securities</u>, 1992 WL 350792 (S.D.N.Y.)

D. Retaliatory discharge claims are subject to the same shifting burden analysis as disparate treatment claims. Plaintiff must first establish a prima facie case of retaliation. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. If defendant meets this burden, plaintiff must then show that the reasons advanced by are pretextual. <u>Kotcher v. Rosa and Sullivan Appliance Center, Inc.</u>, 957 F.2d 59, 64-65 (2d Cir.1992).

E. Plaintiff, in this case, filed three legitimate EEO complaints, which the defendant failed, or refused, to investigate in a timely manner in violation of 29 C.F.R 1614. Each complaint, and the issues raised therein, resulted in disciplinary action of the Plaintiff by the Defendant.

F. Although this Court states that Plaintiff establishes Prima Facie case, it does not find a "causal link," because it is unclear exactly when Plaintiff's supervisors were notified of Plaintiff's filing the EEO Complaint (i.e., his engagement in federally protected activity). Based on the theory of *respondeat superior*, however, Defendant (Department of VA) knew or should reasonably have known of the pending filing. It is therefore immaterial when plaintiff's supervisors knew of the plaintiff's EEO complaint. Sufficient basis that any adverse action thereafter should suffice to support causal nexus to support engaging activity and Plaintiff's claim for retaliation. Once EEO Counselor (Edgar Colon) informed supervisor(s) of pending charge, any action(s) taken by Plaintiff's supervisor(s) after such fact indicates, clearly, retaliatory intentions.

G. In particular, this Court is requested to reconsider its ruling with respect to each of the following matters, set forth in Plaintiff's "Substitute Memorandum of Law In Support of Opposition To Defendant's Motion For Summary Judgment" dated March 27, 2003. Specifically, this Court is requested to reconsider its granting summary judgment as to each of the following of the Plaintiff's claims of Defendant's:

(1) Verbal Counseling of Plaintiff (Plaintiff's Substitute Memo at 33 and 43);

(2) Written Counseling of Plaintiff (Plaintiff's Substitute Memo at 35-37);

(3) Formal Counseling of Plaintiff (Plaintiff's Substitute Memo at 33 and 43);

(4) Admonishment of Plaintiff (Plaintiff's Substitute Memo at 37);

(5) Suspension of Plaintiff (Plaintiff's Substitute Memo at 39);

(6) Removal of Plaintiff's VA Preference Points (Plaintiff's Substitute Memo at 32 and 49); and

(7) Denial of Plaintiff's request of Flexible Workplace Program (Plaintiff's Substitute Memo at 47).

H. Plaintiff Chambers meets all the requirements to establish retaliatory discharge. It is undisputed that plaintiff complained to the defendant about what he believed to be a discriminatory practice and was subjected to a host of various disciplinary actions and eventually discharged after making his first complaint.

2. **Conclusion**. Issues critical to the disposition of Plaintiff's retaliatory discharge claims thus remain in dispute. Plaintiff presents issues of fact that normally preclude summary judgment. Plaintiff therefore requests that this Court reconsider its decision and deny the Defendant's motion for summary judgment as to each issue of retaliation claimed by Plaintiff..

```
                                THE PLAINTIFF,
                                MARSHALL CHAMBERS

                                BY _____
                                CALEB M. PILGRIM, Esq., HIS ATTORNEY
                                LAW OFFICES OF CALEB M. PILGRIM, LLC.
                                1404 WHALLEY AVENUE (2D FLOOR)
                                NEW HAVEN CT 06515
                                FED. BAR NO. CT 14857
```

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 12th day of January 2004 to Attorney Lauren Nash, Ass't U.S. Attorney, U.S. Department of Justice, 157 Church Street, New Haven CT 06510.

_____
CALEB M. PILGRIM, Esq.

3