UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | CIVIL NO. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS | : | |
| | : | |
| Defendant. | : | FEBRUARY 2, 2004 |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTIONS FOR ARTICULATION AND RECONSIDERATION

The Defendant, Antony J. Principi, Secretary of the U.S. Department of Veterans

Affairs, hereby respectfully submits this memorandum in opposition to Plaintiff's Motion

for Articulation (Docket Entry # 71) and Motion for Reconsideration (Docket Entry # 70),

both dated January 12, 2004.   In his motions, Plaintiff asks this Court to articulate and

reconsider its decision to grant summary judgment as to Plaintiff's claims of retaliation.

Plaintiff's motions must be denied because they are considerably untimely and wholly

unsubstantiated.

In his Motion for Articulation, Plaintiff moves the Court "to articulate, in writing, its

decision granting summary judgment as to the Plaintiff's retaliation claims" in this case.

Specifically, Plaintiff asks the Court to "explain in detail its reasons for granting

summary judgment" as to seven listed items.  There is absolutely no basis for the

NO ORAL ARGUMENT IS REQUESTED

Plaintiff's request.  Defendant's motion was fully briefed by both parties and then

argued before the Honorable Stefan R.  Underhill, U.S. District Judge, on September

22, 2003.  During that argument, the Court allowed counsel ample opportunity to

present their respective positions, and engaged counsel in particularized discussion

about all of the issues presented.  After the matter was fully argued, the Court ruled

from the bench and granted summary judgment in Defendant's favor as to several

claims, including the retaliation claims in Count II of the Complaint.   The Court

explained in detail the basis of its rulings as to each claim, including Plaintiff's retaliation

claims.  Throughout the argument, the Court entertained questions from counsel and

readily and thoroughly addressed any questions asked.  Therefore, the Court has

already articulated its decision granting summary judgment in this case.

Further, it was entirely appropriate for the Court to issue its decision from the

bench.  There is no requirement that the Court embody its decision in a written opinion.

Plaintiff's motion seeks to force such a writing but in the absence of any justification,

and would result in a waste of judicial resources and an unnecessary delay in these

proceedings.

Plaintiff's Motion for Articulation is also procedurally deficient.  This motion was

filed almost four months after the Court's ruling, and Plaintiff fails to offer any

explanation for this delay.  In addition, the motion is vague in that it fails to explain what

the Court should "articulate" about the seven listed items.  For all of these reasons, the

Motion for Articulation should be denied.

Plaintiff's Motion for Reconsideration should be denied for similar reasons. Rule 7(c)(1) of the Local Civil Rules requires that motions for reconsideration be filed and served within ten days of the filing of the decision from which relief is sought. Plaintiff's Motion for Reconsideration was filed some 112 days after the Court's September 22, 2003 ruling. There is no excuse for Plaintiff to have waited this long to file his motion, especially when the case is scheduled for trial on April 1, 2004.

In addition, the Plaintiff's Motion for Reconsideration is deficient on its face. Local Rule 7(c)(1) provides that motions for reconsideration shall be accompanied by a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Plaintiff fails to make this showing, but merely reargues his retaliation claim. Neither Plaintiff's motion nor his affidavit describe any matters or decision which the Court allegedly overlooked in its grant of summary judgment. Accordingly, reconsideration is not appropriate.[1]

---

[1]Even if this Court should determine that reconsideration is appropriate, there is no evidence, old or new, which warrants any change in this Court's decision to grant summary judgment as to Plaintiff's retaliation claims.

For the foregoing reasons, the Defendant, Anthony J. Principi, Secretary of the

U.S. Department of Veterans Affairs, respectfully requests that the Plaintiff's Motions for

Articulation and Reconsideration be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
FED. BAR # ct01705
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the within and foregoing Defendant's

Memorandum in Opposition to Plaintiff's Motions for Articulation and Reconsideration

has been served by first-class mail, postage prepaid, on this 2nd day of February, 2004,

to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

LAUREN M. NASH
ASSISTANT UNITED STATES ATTORNEY