UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MARSHALL CHAMBERS,         :    Docket No. 3:00CV00656 (SRU)
                           :
          Plaintiff,     :
                           :
    v.                  :
                           :
ANTHONY J. PRINCIPI      :
SECRETARY, U.S. DEPARTMENT  :
OF VETERAN'S AFFAIRS,     :
                           :
         Defendant.    :    March 5, 2004

JOINT PRETRIAL MEMORANDUM

Pursuant to the Order of this Court, the parties to the above case herewith respectfully

submit their joint trial memorandum:[1]

1.    <u>TRIAL COUNSEL</u>

       <u>Counsel For Plaintiff</u>:  Caleb M. Pilgrim, Esq., 1404 Whalley Avenue, 2nd Floor, New

Haven, CT  06515; Telephone (203) 387-2524.

       <u>Counsel for Defendant</u>:  Lauren M. Nash, Assistant United States Attorney, 157 Church

Street, New Haven, CT 06508; Telephone (203) 821-3700.

---

[1]The Court will note that there are several instances where there is no information provided in the Plaintiff's sections.  This is so because Plaintiff's counsel did not provide this information to the undersigned counsel.  On February 27, 2004, undersigned counsel sent a draft Joint Pretrial Memorandum to Plaintiff's counsel and asked that he send his submissions by e-mail for inclusion in the final draft.   A second draft was sent to Plaintiff's counsel on March 3, 2004 with proposed stipulated facts.  On March 3, 2004, Plaintiff's counsel provided the information set forth at Sections 6(A), 7, and 8(A), and indicated that further information would be forthcoming.  Undersigned counsel left a message for Plaintiff's counsel that any additional information would have to be provided by March 5, 2004 in order to be included in the Defendant's filing.  However, as of the filing of this memorandum, no additional information has been received.

2.      JURISDICTION

The Court has jurisdiction over this action pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Title VII).

3.      JURY/NON-JURY

A jury trial has been claimed and jury selection is scheduled for April 1, 2004.

4.      LENGTH OF TRIAL

The parties estimate that this trial will last approximately 3 days.

5      FURTHER PROCEEDINGS

During the pre-trial conference, it is anticipated the parties address with the Court any outstanding issues, including motions in limine.

6.      NATURE OF CASE

A.      Plaintiff's Statement of the Case

Plaintiff was employed by the defendant's VACT Healthcare System in West Haven CT, from April 6, 1992 to August 27, 1997.  Plaintiff was initially hired as a Secretary, GS-318-6/7. Plaintiff and defendant operate under a Collective Bargaining Agreement ("CBA") entitled "Master Agreement Between the Veterans Administration and the American Federation of Government Employees (AFGE)." Plaintiff was subsequently demoted to the position of a Program Support Clerk GS-303-6.

For over five years, Plaintiff held many administrative positions including positions with the Offices of the Director, the Chief of Staff (COS); the Associate Chief of Staff for Education (ACOS/E); Quality Management (QM); and the Hospital Education Service (HES).  Plaintiff's

assignment also included an 11 month detail as a member of the Continuous Quality

Improvement (CQI) Team. Throughout his employment, Plaintiff was rated "Highly-"or "Fully -

Successful" in performance of his duties and he consistently received annual step increases.

In or about March or April 1995, Plaintiff requested that defendant's Human Resources

Management Service ("HRMS") perform a desk audit of his position as a Secretary GS-6.

For 17 months thereafter, defendant VACT took NO action on Plaintiff's request, and did not

conduct any audit of his position.

On or about September 27, 1996, Defendant's HRMS recommended that the Plaintiff be

promoted from Secretary/GS-318-6 to Program Support Assistant/GS-303-7. (Exhibit 11)

Defendant did not promote Plaintiff as recommended by its own Human Resources

Management Service.

In sum, defendant failed to promote Plaintiff despite a desk audit by the

defendant's Human Resources Services ("HRMS") recommending that the Plaintiff be

promoted from Secretary/GS-318-6 to Program Support Assistant/GS-303-7.   Plaintiff alleges

that the defendant failed to promote him because of his race, color and gender; and, in fact,

subsequently demoted Plaintiff, and ultimately forced the Plaintiff to resign from the position of

Program Support Clerk GS-303-6.

B.     Defendant's Statement of the Case

Plaintiff has brought this action under Title VII alleging discrimination by representatives

of the VA Connecticut Healthcare System, West Haven Campus ("VA") during the course of his

VA employment from 1992 to 1997.  As a result of summary adjudication, the only remaining

claim is the plaintiff's claim that the VA discriminated against him based on his race, religion

and gender in violation of Title VII when it refused or failed to promote him in September of

1996 in spite of the fact that a Human Resources Classification Specialist had recommended that Plaintiff's position be upgraded to Program Assistant / GS-7 after a desk audit.

The Defendant, Anthony J. Principi, Secretary of Veterans Affairs, denies all allegations of discrimination, and will submit evidence to show that the decision not to follow the recommendation resulting from the first desk audit was legitimate and reasonable. The decision of the Chief of Human Resources to ask for a second audit was not based on discriminatory intent but was made in light of the fact that the audit was performed before his tenure. The second audit was conducted in a thorough fashion and resulted in a reasonable recommendation that the Plaintiff's position was properly graded as a GS-6, his then current grade. Defendant will thus establish a legitimate, non-discriminatory reason for its decision not to promote the Plaintiff.

7.    TRIAL BY MAGISTRATE JUDGE

Plaintiff:  The matter will be tried by the Honorable Stefan R. Underhill, U.S.D.J., by Magistrate Judge Garfinkel, if the parties agree thereto, or by any other designated Magistrate Judge.

Defendant:  The matter will be tried by the Honorable Stefan R. Underhill, U.S.D.J.  The Defendant has not consented to a trial by a United States Magistrate Judge.

8    LIST OF WITNESSES

          A.    Plaintiffs' Witness List

                Marshall Chambers

                Kelvin Brown

                Kim Chapman

                Edgar Colon

Dr. Jeffrey S. Lustman, M.D.

Bernadette R. Oulton, R.N., M.S.N.

Margaret F. Veazey, Associate Medical Center Director/Patient Care

Phil Moschitta, Associate Medical Center Director

Deneen C. Askew

B.    Defendant's Witness List:

1.    Expected to Testify

**Neil Falkner**
Former West Haven VA Chief of Human Resources
VA Medical Center
Minneapolis, MN

Mr. Falkner will testify about his review of the first desk audit of the Plaintiff's position and his involvement in the second desk audit.

**Beverly Hogle**
Former West Haven VA Human Resources Specialist
United States Army
Kansas City, MO

Ms. Hogle will testify about her involvement in conducting the second desk audit of the Plaintiff's position, and her background and experience as a VA Classification Specialist.

**Jeffrey Lustman, M.D.**
Former West Haven VA Associate Chief of Staff
Westport, CT

Dr. Lustman will testify about the input he gave in connection with the Plaintiff's position descriptions and the two desk audits of the Plaintiff's position.

**Bernadette Oulton**
Former Chief of Hospital Education
VA Connecticut Healthcare System
West Haven, CT

Ms. Oulton will testify about the input she gave in connection with the Plaintiff's position descriptions and the two desk audits of the Plaintiff's position.

**Diane Lawrie**
VA Connecticut Healthcare System
Human Resources Management System
West Haven, CT

Ms. Lawrie will testify regarding various personnel matters, including but not limited to pension and salary calculations.

**Patricia Brady**
Former VA Acting Chief of Human Resources
VA Medical Center
West Haven, CT

Ms. Brady will testify about his involvement in circumstances surrounding the first desk audit of the Plaintiff's position.

**Marshall Chambers**, Plaintiff

Plaintiff will testify about his request for the initial desk audit, and his knowledge of the second desk audit of the Plaintiff's position.


2.      May testify if need arises:

**Gerald Dolloff**
Former VA Employee Relations Specialist
Alexandria, VA

If needed, Mr. Dolloff will testify about his knowledge of the desk audits of the Plaintiff's position.

**Richard Daniels**
Former VA Human Resources Director
VA Connecticut Healthcare System
West Haven, CT

If needed, Mr. Daniels will testify about his involvement in the desk audits of the Plaintiff's position.

**Kelvin Brown**
Former VA Classification Specialist
VA Connecticut Healthcare System
West Haven, CT

If needed, Mr. Brown will testify about his involvement in conducting the first desk audit of the Plaintiff's position.

**Carl Lister**
Former West Haven VA Acting Chief of Human Resources
VA Medical Center
Maryland

If needed, Mr. Lister will testify about his involvement in circumstances surrounding the first desk audit of the Plaintiff's position.

**Phil Moschitta**
Former VA Associate Director
West Haven, CT

If needed, Mr. Moschitta will testify about his knowledge of Plaintiff's request for a desk audit.

**Paul Mulinsky**
Assistant Chief of Staff
VA Connecticut Healthcare System
West Haven, CT

If needed, Mr. Mulinsky will testify about his knowledge of Plaintiff's request for a desk audit.

**Mark Bain**
Chief, Human Resources
VA Connecticut Healthcare System
West Haven, CT

If needed, Mr. Bain will testify about various personnel matters, including but not limited to pension and salary calculations.

**Deneen Askew**
Former VA Secretary
West Haven, CT

If needed, Ms. Askew, a former co-worker of the Plaintiff, will testify about the work environment at the West Haven VA Office of Hospital Education, and of her knowledge of Plaintiff's desk audits and desk audits in general.

9.    DEPOSITION TESTIMONY

         Plaintiff:

         Defendant:    None.

10.    EXHIBITS:

    A.  Plaintiff's Exhibits

    B.  Defendant's Exhibits

        **1. Expected to be offered**

        • Plaintiff's Position Description dated March 14, 1996;

        • Position Report by VA Classification Specialist Kelvin Brown dated September 25, 1996;

        • E-mail messages from 1996 to 1997 concerning the desk audits;

        • Plaintiff's Official Personnel Folder or excerpts thereof;

        • VA Human Resources Grievance Folder containing Plaintiff's grievances or excerpts thereof;

        • Memorandum from Neil Falkner, VA Chief of Human Resources, to Chief of Hospital Education, dated March 26, 1997;

        • Memorandum from Neil Falkner, VA Chief of Human Resources, to Marshall Chambers, dated March 26, 1997, with attachments thereto;

        • Position Report by VA Classification Specialist Beverly Hogle dated March 14, 1997;

- Draft Revised Position Description sent by Bernadette Oulton, VA Chief of Hospital Education, dated April 14, 1997;

- Plaintiff's Revised Position Description, 1997;

- Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees dated 1997, or portions thereof;

- Master Agreement between the Veterans Administration and the American Federation of Government Employees dated 1982, or portions thereof.

2.  **May be offered if need arises**

- Deposition of Marshall Chambers dated March 12, 2001, or excerpts thereof;

- Deposition of Marshall Chambers dated October 15, 2001, or excerpts thereof;

- Portions of EEO Affidavit of Kelvin Brown;

- Portions of EEO Affidavit of Kim Chapman;

- Portions of EEO Affidavit of Deneen Askew;

- Portions of EEO Notice of Final Interview dated April 11, 1997 (Case # 97-1322);

- Portions of EEO Complaint of Discrimination dated April 18, 1997 (Case # 97-1322);

- Portions of EEO Counselor's Report dated April 25, 1997 (Case # 97-1322).

11.  <u>ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE</u>

A.  <u>Plaintiff</u>:

B.  <u>Defendant</u>: Given that the Plaintiff has not designated any exhibits in connection

with the preparation of this joint submission, Defendant is not in a position to set forth his

evidentiary objections.  Should the Court permit the Plaintiff to designate exhibits at some later

time, Defendant respectfully reserves the right to raise objections to such exhibits at that time.

Similarly, with respect to the Plaintiff's witness list, Plaintiff has failed to describe the

subject matter of the witnesses' proposed testimony as required by this Court's Pretrial Order.

Therefore, Defendant is not in a position to set forth any evidentiary objections to such

testimony.  Again, Defendant respectfully reserves the right to raise objections at such time as the

testimony is described.


12.    <u>STIPULATIONS OF FACT AND LAW</u>

_____    A.  <u>Defendant's Proposed Stipulated Facts</u>:

1.    Plaintiff is Marshall Chambers.  He is an African-American male.

2.    Plaintiff began working for the VA Connecticut Healthcare System, West Haven
Campus on or about April 6, 1992.  His first position was Secretary / Office
Automation, GS-6, at the Office of the Director.

3.    Dr. Jeffrey Lustman was the VA Associate Chief of Staff the VA Connecticut
Healthcare System, West Haven Campus.  In that capacity, Dr. Jeffrey Lustman
was one of the Plaintiff's supervisors.

4.    When Plaintiff worked for Dr. Lustman, Plaintiff's position was divided between
Dr. Lustman's office and the Office of Patient Representative, and subsequently,
between Dr. Lustman's office and the Office of Hospital Education.

5.    Bernadette Oulton was the Chief of Hospital Education at VA Connecticut
Healthcare System, West Haven Campus.  In December of 1995, Ms. Oulton
became the Plaintiff's supervisor.

6.    Plaintiff requested a desk audit in July of 1995, seeking an evaluation of and
reassessment of his position.

7.    The desk audit was conducted by a Classification Specialist named Kelvin Brown
(white male).

8.      As a result of the audit, Mr. Brown recommended that Plaintiff's position be upgraded to a GS-7 and his title changed to Program Assistant.

9.      Thereafter, Classification Specialist, Beverly Hogle, performed a second desk audit and found that the Plaintiff's work was not indicative of any higher grade.

10.     Based on this second audit, the Plaintiff's grade was not changed, but his duties and title did change.

11.     On or about April 18, 1997, Plaintiff filed a formal complaint of discrimination alleging discrimination based upon race (black), religion (Islam), and sex (male).

12.     This administrative complaint alleged that the VA discriminated against him when it failed to promote him in connection with the first desk audit.


B.  Statement of Contested Issues

    1.  <u>Plaintiff's Statement of Contested Issues</u>:

    2.  <u>Defendant's Statement of Contested Issues</u>:

    Whether the defendant intentionally discriminated against the plaintiff because of his race, gender or religion?

    As a subset of this issue, the defendant maintains that the following issues exist:

        Whether any non-minority individuals to whom he compares himself for purposes of proving discrimination were in fact similarly situated?;

        Whether the defendant had legitimate reasons, that were not merely a pretext for discrimination, for the decisions/actions it took?; and

        Whether the plaintiff can prove that he has suffered any compensable damage or injury that was proximately caused by the defendant?

13.     PROPOSED JURY INSTRUCTIONS

    A.     Plaintiff:

    B.     Defendant:

          Defendant's instructions and verdict form are attached at Tab 1.

                     Respectfully submitted,

                     PLAINTIFF, MARSHALL CHAMBERS

                     CALEB M. PILGRIM, ESQ.
                     LAW OFFICES OF CALEB M. PILGRIM, LLC
                     1404 WHALLEY AVENUE, 2nd FLOOR
                     NEW HAVEN, CT  06515
                     (203) 387-2524
                     FEDERAL BAR NO. ct14857

                     DEFENDANT, ANTHONY J. PRINCIPI,
                     SECRETARY, U.S. DEPARTMENT OF
                     VETERANS AFFAIRS

_____     LAUREN M. NASH
                     ASSISTANT U.S. ATTORNEY
                     P.O. BOX 1824
                     NEW HAVEN, CT  06508
                     (203) 821-3700
                     FEDERAL BAR NO. ct01705

        APPROVED AND SO ORDERED, dated at Bridgeport, Connecticut, on this

_____ day of _____, 2004.

                     _____
                     HONORABLE STEFAN R. UNDERHILL
                     UNITED STATES DISTRICT JUDGE