UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS, | : | |
| | : | |
| Defendant. | : | March 12, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

  The Defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum in support of his Motion in Limine in connection with the above-captioned case. By this motion Defendant seeks an order from the Court precluding the Plaintiff from introducing any exhibits or the testimony of any witnesses in the April 5, 2004 trial of this case due to his failure to comply with the Court's Pre-Trial Order.

  By way of background, on September 24, 2003, this Court issued a Pre-Trial Order mandating that the parties to this case submit a Joint Pretrial Memorandum by November 30, 2003. This date was subsequently extended to March 8, 2004. In this Order, the Court required, *inter alia*, that the parties provide a listing of witnesses and exhibits to be introduced at trial. Specifically, Section 8 of the Pre-Trial Order requires that "[e]ach party shall provide the name, address and a brief summary of the anticipated testimony of all witnesses by separately

NO ORAL ARGUMENT IS REQUESTED

listing (a) the witnesses the party expects to call at trial; and (b) the witnesses the party may call to trial if the need arises." The Order further states that "[w]itnesses not listed shall not be permitted to testify at trial, except for good cause shown." Similarly, Section 10 of the Order requires that "[e]ach party shall identify all exhibits that it may present at trial, by providing a brief description of each exhibit, and by separately listing the exhibits that the party (a) expects to offer at trial; and (b) may offer at trial if the need arises." This section also states that "[e]xhibits not listed will not be admitted at trial except for good cause shown."

     Plaintiff has failed to comply with this Court's Pre-Trial Order, despite the efforts of undersigned counsel to obtain compliance. On February 27, 2004, undersigned counsel sent a draft Joint Pretrial Memorandum to Plaintiff's counsel and asked that he send his submissions by e-mail for inclusion in the final draft. A second draft was sent to Plaintiff's counsel on March 3, 2004 with proposed stipulated facts. After several attempts to reach Plaintiff's counsel, undersigned counsel received an e-mail from him on March 3, 2004. In this e-mail, Plaintiff's counsel provided what he called "draft" information for Sections 6(A) (Nature of the Case), 7 (Trial by Magistrate Judge) and listing of nine names for Section 8(A) (Plaintiff's Witnesses). He indicated that the witness list was "preliminary" and "subject to modification", and that he would be meeting with his client and would shortly provide additional information. Thereafter, undersigned counsel attempted to contact Plaintiff's counsel on several occasions to obtain the additional information, but without success. Finally, on March 4, 2004, undersigned counsel left a message for Plaintiff's counsel that Defendant's submission would be sent to the Court by overnight mail on March 5, 2004, and that any additional information would have to be provided to undersigned counsel by that date in order to be included in the Defendant's filing.

As of the overnight mailing of the Defendant's Pretrial Memorandum on March 5, 2004, Plaintiff's counsel did not provide any additional information for inclusion in the filing. Plaintiff's counsel did not return any of undersigned counsel's calls, or her e-mail of March 5, 2004 indicating that the filing was being made without further input from him.  And as of today, March 12, 2004, Plaintiff's counsel has not made any filing with this Court in satisfaction of the Court's Pre-Trial Order.

Based on the foregoing, Plaintiff should not be permitted to offer any exhibits or trial testimony in this case.  Once again, Plaintiff's counsel has exhibited a serious disregard for the orders and procedures of this Court.  He has failed to work cooperatively with undersigned counsel in connection with the preparation of Joint Trial Submission.  He has disregarded this Court's Pre-Trial Order by failing to provide the Court with any proposed jury instructions, voir dire, contested issues or designation of exhibits.  Further, while the Plaintiff did provide a list of names as witnesses, he did not separate the listing into expected witnesses and potential witnesses, nor did he in any way describe the subject matter of the witnesses' proposed testimony as required by the Court's Order.

These failures have unduly prejudiced the Defendant in trial preparation.  Undersigned counsel has provided a listing of 15 witnesses (7 of whom reside out of state), as well as 24 exhibits, in full compliance with the Court's Pre-Trial Order, and is prepared to present this evidence.  However, Plaintiff's failure to designate and describe his evidence in a case where <u>he</u> bears the burden of proof makes it impossible for Defendant to know what he must rebut.

Defendant should not be required to make the Plaintiff's case for him by providing all of the exhibits and all of the witnesses.[1]

For the foregoing reasons, Defendant respectfully asks this Court to enforce its Pre-Trial Order and preclude the Plaintiff from presenting any exhibits or witnesses at trial.

>
> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> _____
> LAUREN M. NASH
> ASSISTANT U.S. ATTORNEY
> 157 CHURCH ST.
> NEW HAVEN, CT  06510
> (203) 821-3700
> FEDERAL BAR # ct01705

---

[1] While Plaintiff did offer a listing of 9 potential witnesses in his e-mail of March 3, 2004, undersigned counsel doubts that Plaintiff intends to present all of those listed.  In fact, of the 9 persons listed as Plaintiff's witnesses, undersigned counsel has spoken recently with 6 of these persons, all of whom are former or current VA employees.  All stated that they had not been contacted by Plaintiff or Plaintiff's counsel in connection with in this case, and that no plans were in place to provide for their travel or testimony at the April 5th trial.

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Memorandum in Support of Motion in Limine has been mailed, postage prepaid, on this 12th day of March, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

                                                LAUREN M. NASH
                                                ASSISTANT U.S. ATTORNEY
                                                157 CHURCH ST.
                                                NEW HAVEN, CT  06510
                                                (203) 821-3700
                                                FEDERAL BAR # ct01705