UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARSHALL CHAMBERS,              :
    Plaintiff,              :
                                 :
    v.                           :   No. 3:00 CV 656 (SRU)
                                 :
ANTHONY J. PRINCIPI,            :
SECRETARY, U.S. DEPARTMENT      :
OF VETERANS AFFAIRS,            :
    Defendant.              :

**RULING ON MOTIONS TO
RECONSIDER AND ARTICULATE**

    Marshall Chambers ("Chambers") filed this action against Anthony Principi, Secretary of the U.S. Department of Veterans Affairs ("Principi") claiming violation of his state and federal rights during his former employment with the Department of Veterans Affairs.  After a September 19, 2000 ruling on the defendant's motion to dismiss and a September 22, 2003 ruling on the defendant's motion for summary judgment, all but two of Chambers' claims had been dismissed. Chambers' remaining claims are for constructive discharge and violation of Title VII on the narrow basis of failure to promote.  Before the court are Chambers' motions for reconsideration [**doc. 70**] and articulation [**doc. 71**] and Principi's motion for reconsideration [**doc. 63**].  For the reasons stated below, Chambers' motions are DENIED and Principi's motion is GRANTED.

    On September 19, 2000, this court granted a motion to dismiss with respect to, among other things, Chambers' state law claims against the Secretary of the Department of Veterans Affairs (formerly, Togo D. West, Jr., and presently, Principi).  These claims sounded both in tort and in contract law.  The state law claims could not survive the motion to dismiss because they restated the underlying Title VII claim, and Title VII is the exclusive remedy for employment

discrimination claims against federal employers.  See Title VII § 717, 42 U.S.C. § 2000e-16; Brown v. .General Services Administration, 425 U.S. 820, 835 (1976).  At that time, Principi's reasonable interpretation of the vaguely worded constructive discharge claim was that it was brought under Title VII.  Therefore, prior to oral argument, Principi did not object to the court's concurrent jurisdiction over the constructive discharge claim.  During oral argument on September 22, 2003, however, Chambers acknowledged that the constructive discharge claim was brought under state law.  Principi now argues that the constructive discharge claim, like the other state law claims sounding in tort and contract, is subsumed by Title VII's exclusivity provision.  This motion was timely filed and is consistent with the court's rulings on September 19, 2000.  Chambers restates his prior argument, but offers no additional response to the motion.  Thus, Principi's motion to reconsider is granted and the state law constructive discharge claim is dismissed.

Chambers moves for articulation and reconsideration of the oral ruling granting summary judgment on plaintiff's claim for retaliation.  Summary judgment was granted on the retaliation claim on September 22, 2003.  The present motions for articulation and reconsideration were not filed until January 12, 2004.  Under the Local Rule 7(c)(1), motions for reconsideration must be filed and served within ten days of decision.  Chambers filed his motion one hundred and twelve days after the court's ruling, making Chambers' motion for reconsideration untimely.  Furthermore, motions for reconsideration must set "forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."  Id.  Chambers' motion for reconsideration does not comply with the local rule, but simply reiterates arguments made at the September 22, 2003 oral argument.  Plaintiff offers this court no reason, beyond his prior unsuccessful argument, that the retaliation claim should be reconsidered.  His

motion for reconsideration is, therefore, denied.

The motion for articulation, without explaining any reason why an articulation is necessary, requests a detailed written ruling on the motion for summary judgment. That motion is likewise denied for three reasons. First, the court offered a detailed explanation of its ruling on the record following oral argument. Second, Chambers cannot cite to, and the court cannot find, any authority for the proposition that the court is required to produce written rulings on dispositive motions. Third, at the conclusion of oral argument, the court asked if the parties would like to hear an additional explanation of the ruling, at which time plaintiff's counsel declined to pursue the matter. Specifically, during the September 22, 2003 oral argument, the court asked counsel for Principi, Attorney Lauren Nash, and counsel for Chambers, Attorney Caleb Pilgrim: "Any other requests for clarification?" to which Attorney Pilgrim responded, "Not from this end Your Honor." Chambers fails to offer any reason to grant the motion for articulation. The motion is therefore denied.

For the aforementioned reasons, Chambers' motions for reconsideration [**doc. 70**] and articulation [**doc. 71**] are DENIED and Principi's motion for reconsideration [**doc. 63**] is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of March 2004.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge