UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2004 MAR 30  A 11: 31

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MARSHALL CHAMBERS**          *
                               *          U.S. DISTRICT COURT
                               *            BRIDGEPORT, CONN
    **v.**              *          CIVIL No.  **3:00CV00656(SRU)**
                               *
**ANTHONY PRINCIPI, SECRETARY,** *
**DEPARTMENT OF VETERANS**      *          March 27, 2004
**AFFAIRS**                     *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REQUEST FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

Pursuant to FRCP 15, Plaintiff, Marshall Chambers, hereby moves this Court for

leave to amend his Complaint, in accordance with the attached Amended

Complaint.

In support of this motion, Plaintiff represents as follows:

1.    The Plaintiff's original complaint alleged among other things that:

> Defendant ... demoted and reassigned him; suspended him;
> violated the Collective Bargaining Agreement...

> As an employee of the Defendant, the Plaintiff was a union
> member and all parties in this lawsuit are subject to Collective
> Bargaining Agreement (CBA).  Notwithstanding this, the
> Defendant violated the Plaintiff's CBA's rights.

2.    As to the CBA, Plaintiff's proposed Amended Complaint sets forth two

counts.  One count sounds in breach of contract, having to do with

contractual violations the CBA. The other count alleges a breach of the

covenant of good faith and fair dealing.

3.    The contract claim, as set forth in Plaintiff's Amended Complaint, relates

back to the CBA issue, of which the Defendant had notice.

1

4.    Even as recently as March 19, 2004, Defendant listed the CBA as Defendant's Exhibit 19 for trial scheduled for April 5, 2004.

5.    A covenant of good faith and fair dealing is inherent in every contract, including the CBA, referenced above. There is therefore no surprise element, or prejudice in Plaintiff's asserting these claims at this particular juncture.

6.    Plaintiff's Amended Complaint further separates his causes of action, and alleges, in separate counts, that Defendant discriminated against Plaintiff based his race, color and his gender in violation of Title VII. These causes of action arose out of the Defendant's refusal, or failure to promote Plaintiff, as required by the first desk audit in September 1996.

7.    Plaintiff, Chambers, an African-American, was qualified for the position he held.  He had been recommended by the Defendant's HRMS for a promotion to a GS-7.  He was at all times rated "fully successful" or "highly successful" by the Defendant.  Yet, he suffered adverse employment actions, while his employer, the VA, treated similarly situated employees outside of protected class more favorably. (See also Ajayi v. Aramark Business Services, Inc., C.A.7 (Ill.) 336 F.3d 520 (2003).

8.    Plaintiff was obligated to request a desk audit in order to get promoted. Others were not.  Even when the desk audit required that he be promoted, he was not.  Others similarly situated, e.g. Sandra Maher, a white secretary, and Deneen Askew, a black secretary, unlike the Plaintiff, did not have to request a desk audit, and were still promoted.

9.    After that audit began on or about February 25, 1997, Plaintiff's demotion
      was de facto, as evidenced by significantly diminished material
      responsibilities, a less distinguished title, and other matters unique to his
      particular situation.  Defendant's actions violated the Civil Rights Act of
      1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

10.   Plaintiff's Amended Complaint further pleads in separate counts that he
      was unlawfully demoted based on his race and his gender.  Again, this
      count relates back to the Plaintiff's original complaint and conforms to the
      evidence wherein the Plaintiff was demoted from a GS-6 to a GS-4, and
      stripped of 700 job points under the Federal Evaluation System ("FES")
      after a second desk audit, which was completed by Defendant's Worker's
      Compensation Specialist, Beverly Hogle.

11.   Finally, Plaintiff's Amended Complaint alleges Constructive Discharge
      under Title VII, and under the CBA, as these claims conform with the
      evidence in this case.

12.   The Plaintiff's Amended Complaint thus states the issues in this case more
      fairly and more clearly, and neither party is prejudiced by any of the
      proposed amendments, since they relate to issues, which have been in the
      Plaintiff's Complaint from the beginning.

**WHEREFORE,** Plaintiff respectfully moves this Court to grant leave to file the
attached Amended Complaint.

THE PLAINTIFF
MARSHALL CHAMBERS

By: _____
Caleb M. Pilgrim
**Law Offices of Caleb M. Pilgrim, LLC**
1404 Whalley Avenue - 2nd Floor
New Haven, CT 06510
Tel: 203-387-2524
Federal Bar No. ct 14857


## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 25th. day of March, 2004 to Lauren Nash, AUSA, US DOJ 157 Church Street, New Haven, CT 06510.

_____
Caleb M. Pilgrim

4