UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS, | : | |
| | : | |
| Defendant. | : | March 30, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum in support of his Motion to Dismiss the above-captioned case. Defendant seeks dismissal of this action based on the repeated failure of Plaintiff's counsel to comply with the Pre-Trial Order and subsequent Orders of this Court.

This Court is fully familiar with the procedural background of this case. On Tuesday, March 23, 2004, a telephonic status conference was held including the Honorable Stefan R. Underhill, U.S. District Judge, Attorney Caleb Pilgrim and undersigned counsel. During this conference, the Court ordered Mr. Pilgrim to submit by close of business on Thursday, March 25, 2004 the missing portions of his pretrial submission, which were originally due on March 8 and March 22, 2004. In particular, the Court ordered Mr. Pilgrim to submit by that date and time 1) proper exhibit and witness lists; 2) copies of Plaintiff's exhibits to undersigned counsel; and 3) an opposition to the government's motion in limine.

NO ORAL ARGUMENT IS REQUESTED

Instead of complying with this Court's Order, Mr. Pilgrim did the following.

- He faxed to the Court and undersigned counsel a Supplementary Pretrial Submission on Friday, March 26, 2004;

- He listed Exhibits 1-9, but each with so many sub-parts that the total number of exhibits is **68**. Most of these exhibits relate to claims in the case that have been dismissed by this Court. In addition, the description of the exhibits was so vague that undersigned counsel could not identify them;

- He added 9 witnesses, including an expert witness listed without the information required by section 8 of the Pre-Trial Order;

- He now has a total of 18 witnesses, with 13 expected to testify, but will not advise undersigned counsel who will be put on the stand at the start of trial on April 5, 2004 so government counsel can determine when to bring in out-of-state witnesses, or even which witnesses will be needed.

- He did not provide copies of these exhibits to undersigned counsel on Thursday, March 25, 2004. He would not return the call of undersigned counsel asking for the exhibits and the order of witnesses;

- On the afternoon of Monday, March 29, 2004, he provided undersigned counsel with the 68 exhibits, many of which were unidentified pages from EEO affidavits;

- At that time, he refused to identify which of his 13 witnesses would go on the stand on April 5, 2004, and indicated that he did not even know the whereabouts of several of these witnesses. He said that he would call counsel by the end of the day with the order of witnesses. He has not provided this information.

- He did not return the calls of this Court or undersigned counsel to participate in a Court-ordered telephonic status conference call on March 29, 2004 at 4:30 p.m. He then sent a facsimile indicating that he would only participate in the conference with his client.

- He did not return the calls of the Court or undersigned counsel to schedule a telephonic status conference call on March 30, 2004.

- He did not file any opposition to the government's motion in limine by March 25, 2004, and has not done so to date.

Mr. Pilgrim's flagrant violation of the Orders of this Court amounts to a failure to prosecute this case and severely prejudices the government in the preparation of its case. Because of Mr. Pilgrim's continued and unexcused violations, government counsel is in a position where she must now prepare extensive evidentiary objections to both exhibits and witnesses during a time when she was scheduled to prepare witnesses and select the jury. It is also likely that once the undersigned counsel thoroughly reviews these 68 exhibits, the government may need to supplement its exhibit list and witness list, unduly delaying these proceedings. In addition, the government has had to prepare a rebuttal case in the absence of a proper disclosure of the Plaintiff's case. While the government is prepared to put on witnesses and offer exhibits, it is not clear what the government is rebutting.

Fairness dictates that there should be a sanction for the conduct of Plaintiff's counsel. In light of foregoing, the Defendant seeks dismissal of this case. Rule 41 of the Federal Rules of Civil Procedure provides:

> b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Second Circuit has noted five factors to consider when determining whether to dismiss a case under Rule 41(b).

> The correctness of a Rule 41(b) dismissal is determined in light of five factors. They are: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair

chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d 71, 74-76 (2d Cir. 1994); Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988)).  Plaintiff's counsel has repeatedly disregarded the rules and Orders of this Court, without credible explanation.  In addition to his recent violations, Plaintiff's counsel has previously ignored three Court-imposed deadlines for filing a response to Defendant's motion for summary judgment and failed to make a final response to Defendant's October 4, 2001 requests for production of documents until June of 2002, and only after the repeated interventions of Magistrate Judge William Garfinkel.

Given the lengthy duration of Mr. Pilgrim's failures of compliance, the repeated opportunities extended by this Court and opposing counsel to correct his violations, the extreme prejudice to the Defendant in the protection of the government's interest, and the interference with this Court's ability to manage its docket, dismissal is an appropriate sanction.

For the foregoing reasons, the Defendant requests this Court to issue an order dismissing this case under Rule 41(b).  In the alternative, Defendant requests that the Court grant its unopposed motion in limine and preclude the Plaintiff from producing any evidence at trial.[1]

---

[1] Should this Court determine not to dismiss this case, Defendant respectfully requests an appropriate continuance of the jury selection and trial so that it may review the Plaintiff's exhibits, submit evidentiary objections, and supplement its evidence as necessary.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Memorandum in Support of Motion to Dismiss has been mailed, postage prepaid, on this 30th day of March, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705
