# UNITED STATES DISTRICT COURT
## District of Connecticut

MARSHALL CHAMBERS,  }
                Plaintiff,  }
                              }
v.                                }
                              }
ANTHONY J. PRINCIPI,  }
Secretary, U.S. Department of Veterans Affairs,  }
                Defendant.  }

**FILED**
2004 MAR 30  A 11: 31
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Docket No.: 3:00 CV 656 (SRU)

Saturday, 27 March 2004

## PLAINTIFF'S MOTION TO DISQUALIFY JUDGE FOR PERSONAL BIAS OR PREJUDICE

Marshall Chambers ("Plaintiff") files herewith his Affidavit in Support of Motion to Disqualify Judge for Personal Bias or Prejudice, as required by 28 USC §144, and 28 U.S.C.A. § 455, to show that the Honorable Stefan R. Underhill has a personal bias or prejudice against him and in favor of the defendant.

Based thereon, Plaintiff respectfully moves that the Honorable Judge Underhill proceed no further herein and that another judge be assigned to hear this proceeding.

Saturday, 27 March 2004
DATE

CALEB M. PILGRIM, ESQ
1404 Whalley Avenue
New Haven, CT 06515
Tel: 203-387-2524
Fed. Bar No. ct 14857

## CERTIFICATE

This is to certify that a copy of the foregoing was mailed postage pre-paid to Lauren M. Nash, Esq., Attorney for U.S. Department of Veterans Affairs (Defendant), 157 Church Street / P.O. Box 1824, New Haven CT 06508 this 27th day of March, 2004.

CALEB M. PILGRIM, ESQ

1

## NOTICE OF MOTION

TO:   Lauren M. Nash, Esq., Attorney for <u>U.S. Department of Veterans Affairs (Defendant)</u>, 157 Church Street / P.O. Box 1824, New Haven CT 06508 (Fed. Bar No. CT01705)

PLEASE take notice that on <u>Monday, 29 March 2004</u>, at <u>2:00 P.M</u>, or as soon thereafter as counsel can be heard, in Room _____, U.S. District Court, U.S. Courthouse, 915 Lafayette Boulevard, Bridgeport CT 06604, the undersigned will bring the above motion on for hearing.

<u>Saturday, 27 March 2004</u>
  DATE

_____
CALEB M. PILGRIM, ESQ

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS,<br>　　　　　　　　　　Plaintiff,<br>v.<br><br>ANTHONY J. PRINCIPI<br>Secretary, U.S. Department of Veterans Affairs,<br>　　　　　　　　　　Defendant. | } } } } } } } } } | Docket No.: 3:00CV00656 (SRU)<br><br>Saturday, 27 March 2004 |

### PLAINTIFF'S AFFIDAVIT
*(IN SUPPORT OF MOTION TO DISQUALIFY JUDGE FOR PERSONAL BIAS OR PREJUDICE)*

I, **MARSHALL CHAMBERS**, being duly sworn, say:

1, I am over the age of eighteen (18) years and believe in the obligations of an oath;

2. I am the Plaintiff in the above numbered and entitled cause and am personally familiar with the facts and circumstances of my case;

3. I am informed and believe, and based on such information and belief, allege that the Honorable Stefan R. Underhill, the judge before whom this cause is pending, has a personal bias or prejudice against me;

4. I am instructing my attorney, Caleb M. Pilgrim, Esq., to request Judge Underhill to disqualify himself from this cause;

5. I am making this affidavit because I truly lack the trust and confidence in the abilities of Judge Underhill to be fair and impartial; and that

6. The facts and reasons for my belief that such bias or prejudice exists are:

A. Judge Underhill's bench ruling of 19 September 2003 suggests all seven of my retaliation claims under Title VII were without merit.

B. At the court on 19 September 2004, while with my attorney, I recall Judge Underhill saying my Failure to Promote claim appears "weak" and that he, too, would be hearing that claim as well.

1

I expressed to my lawyer that Judge Underhill's statement appeared sarcastic and unnecessary. Quite frankly, I believe the Judge prejudged my cause in its entirety and therefore did not, and cannot, render a fair and impartial decision in my cause. Needless to say, this concerns me.

C. Of concern, is the Court's refusal to articulate its rationale for deciding to dismiss **all** of my claim**s** of retaliation (plurality emphasized). Because Judge Underhill, on or about 25 March 2004, says the Court cannot "find any authority...to produce written rulings" does not mean there is no precedent, or no valid reason, for requiring or requesting a written decision. Suddenly on 25 March 2004, the Court discovered the "authority" to *write* what it says it does not have to *write*. This demonstrates Judge Underhill's reluctance to explain an earlier decision that was clearly wrong, biased, and unfair to me.

D. On another note, I reviewed a copy of the Court's ruling of 25 March 2004 denying my Motions to Reconsider and Articulate. Judge Underhill ruled they were filed 112 days too late. On or about 5 January 2004, when the Court ordered the parties to appear a second time with Magistrate Judge Garfinkel to discuss settlement, I felt optimism after that second meeting. To me, Judge Garfinkel appeared open-minded, decent, and fair after hearing each party's side. I then filed Motions for Reconsideration and Articulation within 10 days after meeting with Judge Garfinkel. I believed they would be fairly considered. Needless to say, I am deeply disturbed by Judge Underhill's actions, or inaction -- not once, but twice --by not expounding on his bench ruling when asked.

E. Based on my formal paralegal training to date, I understand most, if not all, civil cases, of discrimination are decided on the merits. I've familiarized myself with retaliation cases and wonder aloud why my cause is any different.

2

F. After filing my initial employment discrimination complaint, the VA retaliated against me, causing me to resign from my full-time job and accept part-time employment, before I was able to secure a full time job. A reasonable fact-finder would have determined that no reasonable person would resign from a full-time position of stability, security, benefits, and seniority, to accept a job that offers none of these. Judge Underhill chose, deliberately or not, to ignore just this one of many elements I claimed as retaliatory. This contrasts with the Court's assertion that it "offered a detailed explanation" of its ruling on my retaliation claims (emphasis on plurality).

G. I was **admonished, suspended, issued a perpetual leave denial/restriction**, and **denied my right to participate in the Flexible Workplace Program. I had five points removed from my federally-granted Veterans' Readjustment Appointment (VRA). <u>All of these actions violate the Collective Bargaining Agreement (CBA)</u>**. Again, contrary to his assertion that he "offered a detailed explanation" of his ruling, Judge Underhill, I believe, deliberately ignored my argument that Defendant's actions violated the CBA. Nor did he offer a detailed explanation of why the fact that I was admonished, demoted, suspended, issued a perpetual leave denial/restriction, and denied my right to participate in the Flexible Workplace Program, and also having my VRA points removed, did not constitute retaliation. These were all questions of fact. Judge Underhill made absolutely no findings pertaining to these facts before granting defendant's summary judgment.

H. Equally disturbing is that when asked to articulate his decision with respect to those specific, particular facts, Judge refused to do so. How then can the Court say in its ruling of 25 March 2004 that it "offered a detailed explanation of its ruling on the record following oral argument", when it did not do so? (Pp. 2).

I. In his bench ruling, Judge Underhill said something to the effect that my total absences supported the discipline I received.

3

I recall him saying something to the effect that "absenteeism" was not retaliation because the VA alleged that I had used 200+ hours of Sick Leave despite medical documentation. Once again, had the Court conducted a reasonable fact-finding inquiry, it would have concluded, as others in this Circuit, that, even if this were a borderline case, which it is not, a jury is in a better position to evaluate the facts based on which I claimed retaliation. <u>Gallagher v. Delaney</u>, *1998 WL 119614 (2d Cir. 1998)*. ("whether borderline situations should be characterized as...retaliation" is a question for a jury).

J. I further believe the Court deliberately failed to see the causal link that eight days after filing a complaint of discrimination the first barrage of discipline commences. How Judge Underhill cannot (or, should I say, chooses not to) see this, demonstrates his inability to be fair and impartial.

K. I feel Judge Underhill is setting a bad precedent for the Second Circuit, if not for the entire judiciary. The factual issues in this case cannot be effectively settled by a decision of summary judgment. In my mind, Judge Underhill is implying that 200+ hours of SL, regardless of reason, is punishable. That concerns me. This judge said he read the briefs in this cause before hearing oral arguments. Had he done so, he would have seen there were medical - doctor's notes - provided to support my use of SL whenever necessary. I strongly believe it should not be Judge Underhill to decide if my medical certifications are authentic or not, but that of a jury particularly being he DID NOT conduct a reasonable fact-finding. Had Judge Underhill truly conducted fact-findings, I would not be submitting this affidavit to support my request that he disqualify himself from my cause. I believe in justice and today I can say I am not the beneficiary of justice; rather, I believe I have been the beneficiary of gross injustice.

L. In his bench ruling, Judge Underhill did not explain at any time why my verbal, written, and formal counselings, admonishment, demotion, suspension, VRA points removal, denial of my requests for Flexible Workplace Program, were not retaliatory.

4

The Court DID NOT even mention them. Judge Underhill only mentioned my SL usage. Accordingly, Judge Underhill's ruling stipulates that a person who uses what the Judge considers excessive SL, somehow it should also support reducing that person's lunch time from one hour to 30 minutes. To me, they're separate issues and should be viewed as such. Judge Underhill appears reluctant to explain why Defendant's actions (verbal, written, and formal counselings, admonishment, demotion, suspension, VRA points removal, and denial of Flexible Workplace Program), are not retaliatory and that jury should not hear them.

M. As a former VA union steward, the remedy for "a pattern of abuse of sick leave," is sick leave restriction. The remedy is not to suspend the employee for other reasons, remove one's VRA points, or deny a request to be placed into the Flexible Workplace Program to curtail what's considered a hostile work environment. Again, somehow, I believe, Judge Underhill believes it is - or chose to believe it.

N. My Constructive Discharge claim was also dismissed because it was claimed under state law instead of Title VII. However, upon Defendant's Motion for Summary Judgment, I feel I should have been (and should be) allowed the opportunity to amend this claim through Title VII. It is understood that the purpose of Title VII is to mete out remedies for discrimination. This said, I strongly believe this Court should hear my claims of both retaliation and constructive discharge based on the merits and not dismiss them on some technicality.

O. All this, along with the judge's refusal to articulate and reconsider these issues leaves me feeling hopeless. I am uncomfortable with this judge presiding over and ruling on my case. As a Paralegal student and a respectful person of all Courts and our systems of justice, and as a plaintiff in this case, I genuinely do not believe I can get a fair hearing in this court with this judge presiding.

I make the foregoing statements of my own free will and volition, and they are true and correct according to my best knowledge and belief.

_____
MARSHALL CHAMBERS
P.O. Box 375, Camden NJ 08101-0375


### CERTIFATE OF GOOD FAITH

I, MARSHALL CHAMBERS, hereby certify that I have made the foregoing affidavit in good faith.

_____
MARSHALL CHAMBERS


Subscribed and sworn to before me on this Saturday, the 27th day of March 2004.

_____
Notary Public. My Commission Expires
March 31, 2007