## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

2004 APR -5 A 8:59

Plaintiff-MARSHALL CHAMBERS,  }
                    Appellant, } U.S. DISTRICT COURT  Docket No.: 3:00CV00656 (SRU)
v.                              } BRIDGEPORT, CONN
                                }
Defendant-ANTHONY J. PRINCIPI   }
Secretary, U.S. Department of Veterans Affairs, }   Saturday, 27 March 2004
                    Appellee.   }

### PLAINTIFF'S PETITION FOR PERMISSION TO APPEAL OF INTERLOCUTORY ORDER

Petitioner, **MARSHALL CHAMBERS**, pursuant to the provisions of Rule 5 of Federal Rules of Appellate Procedures, files this petition for permission of this court to take an appeal under Section §1292(b), 28 U.S.C., from an order granting summary judgment for Appellee entered by U.S. District Court for the District of Connecticut, in the case of CHAMBERS v. PRINCIPI, Civil Action No. 3:00CV00656 SRU on 22 September 2003.

1. **Statement of Facts**

A. In 2000, Marshall Chambers ("Chambers" or "Petitioner") filed this action against Anthony Principi, Secretary, U.S. Department of Veterans Affairs ("Principi" or "Appellee") claiming violation of his civil rights under the Civil Rights Act of 1964 and Title VII during his employment with the U.S. Department of Veterans Affairs (VA) (West Haven CT).

B. After a 19 September 2000 ruling on Appellee's Motion to Dismiss and a 22 September 2003 ruling on Appellee's Motion for Summary Judgment, all but two of Petitioner's claims were dismissed. Petitioner's remaining claims were for Constructive Discharge and violation of Title VII on the "narrow basis" of Failure To Promote.

C. On 12 January 2004, Petitioner filed two motions: a Motion to Reconsider and a Motion for Articulation.

(1) Petitioner's <u>Motion for Articulation</u> asked the Court to articulate, in writing, its decision to grant summary judgment as to his retaliation claim[s]. In particular, Petitioner asked the court to explain, in detail, its reasons for deciding to grant summary judgment as to each of Petitioner's claims of verbal, written, and formal counselings; admonishment; suspension; the defendant's unlawful removal of Petitioner's Veterans Readjustment Appointment (VRA) points; and denying Petitioner's request for Flexible Workplace Program). In his bench ruling on September 22, 2003, Underhill, J., only addressed sick leave (SL) usage, and apparently dismissed all other claims of retaliation on the sole issue of SL usage..

(2) Petitioner's <u>Motion to Reconsider Nunc Pro Tunc</u> asked the Court to reconsider its decision granting summary judgment on his retaliation claim.

D. On 25 March 2004, the Court DENIED Petitioner's motions for reconsideration and articulation but GRANTED Appellee's motion for reconsideration.

(1) On 19 September 2000, the court granted a motion to dismiss with respect to, among other things, Petitioner's state (CT) law claims against Appellee. The court ruled the only remedy for employment discrimination claims against federal employers is Title VII. The court further ruled that Appellee's "reasonable interpretation of the vaguely worded constructive discharge claim" brought under Title VII. Prior to oral argument, Appellee did not object to the court concurrent jurisdiction over Petitioner's claim.

(2) Petitioner's motion for articulation and reconsideration of the oral ruling granting summary judgment on his claim for retaliation. Summary judgment was granted on the retaliation on 22 September 2003. The court ruled Petitioner's motions were not filed until 12 January 2004 and under Local Rule (7)(c)(1), such motions should've been filed and served within ten days of decision. Petitioner, the court says, filed his motion 112 days after the court's ruling making his motion for reconsideration untimely. The court said Petitioner offered it "no reason, beyond his prior unsuccessful argument" that his retaliation claim should be reconsidered.

2

(3) The court denied Petitioner's motion for articulation stating it "offered a detailed explanation of its ruling" and that Petitioner cannot cite to, and the court cannot find, any authority for requiring the court to produce written rulings on dispositive motions.

2. **Controlling Questions of Law**

A. Whether a court may grant Defendant's motion for summary judgment as to retaliation claims without first finding the relevant, specific facts and articulating its reason(s) for ruling on the specific claims of adverse employment actions alleged by the plaintiff?

B. Whether claims of retaliation by way of specific adverse employment actions immediately after an employee filed a formal EEO complaint are fact questions best reserved for a jury when the trial judge declines to undertake fact-finding into the specific factual allegations?

C. Whether a court, having found that Plaintiff established a prima facie case for retaliation of which a causal link is a primary element, can then reasonably find the lack of a causal link between "protected activity" and adverse employment actions, despite the employer's designated agent's knowledge and notice of the EEO Complaint and the protected activity?

3. **Basis for Difference of Opinions**

The trial court in a bench ruling on September 22, 2003, did not examine specific claims by Plaintiff that after filing his first EEO complaint, the Defendant retaliated against him by engaging in specific adverse employment actions, e.g., verbal counseling; written counseling; formal counseling; admonishment; suspension; removal of Plaintiff's VA Preference Points; denial of Plaintiff's Request to participate in the Flexible Workplace Program, and Plaintiff's demotion by the defendant. Notwithstanding, the Court granted summary judgment as to the afore-mentioned Plaintiff's retaliation claims. Plaintiff maintains that specific fact-finding with respect to those particular claims, and articulation of the reasons for the court's decision relating thereto, are a necessary predicate for any reasonable decision on summary judgment concerning those claims.

3

4. **Dispositive Effect of Immediate Appeal.** Claims of retaliation are extremely important and vital to Plaintiff's overall claims of employment discrimination in this case. . Certification for appellate review would avoid protracted and expensive litigation. A speedy resolution of the specific issues raised by the Plaintiff for appellate review best serves the interests of judicial economy, efficiency, and saves scarce resources at the trial level. . An immediate appeal would, from Plaintiff's perspective, materially advance the ultimate termination of this litigation.

5. **District Court Order.** A copy of the District Court order dated March 25, 2004, from which this appeal is sought, is annexed hereto as Exhibit "A.". There was no written order, but a bench ruling on September 22, 2003. Moreover, Plaintiff is indigent and seeks leave to proceed *in forma pauperis*. A transcript of the underlying bench ruling of September 22, 2003, will be submitted as soon as it becomes available.

6. **District Court Findings of Fact or Conclusions, or Opinions.** (**The District Court failed to provide Petitioner any Findings of Fact(s) or conclusion(s) of law or opinion(s) with respect to the specific retaliation claims raised above, despite Petitioner's requests.

WHEREAS, by reason of the foregoing, the petition for permission to appeal should be granted.

THE PLAINTIFF,

_____
MARSHALL CHAMBERS, Pro Se
P.O. Box 375, Camden NJ 08101-0375

4

## ORDER

A petition having been filed by MARSHALL CHAMBERS, the Plaintiff – Appellant, pursuant to Rule 5 of the Federal Rules of Appellate Procedure, for permission to take an appeal under Section 1292(b), Title 28, United States Code, from an order of the United States District Court for the District of Connecticut, and this Court, having considered the petition, and any answer in opposition thereto, and the court now being of the opinion that permission should be granted.

IT IS ORDERED that MARSHALL CHAMBERS, Plaintiff-Appellant above-named, is granted permission to appeal from the orders of March 25, 2004, and September 22, 2003 entered in Civil Action No. 3:00CV00656 (SRU) by the District Court for the District of Connecticut.

_____
Hon. Stefan R. Underhill, U.S.D.J.

## **CERTIFICATE**

This is to certify that a copy of the foregoing petition was forwarded to Lauren M. Nash, Esq., Attorney for the U.S. Department of Veterans Affairs (Appellee) via (1) U.S. Postal Service Mail, postage pre-paid, to 157 Church Street/P.O. Box 1824, New Haven CT 06508; and (2) Facsimile (203) 773-5373 on Sunday, the 28th day of March 2004.

_____
MARSHALL CHAMBERS, Pro Se