UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR -5 P 2: 27
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| MARSHALL CHAMBERS,<br>          Plaintiff,<br>v.<br><br>ANTHONY PRINCIPI, Secretary,<br>U.S. Department of Veterans Affairs,<br>          Defendant. | )<br>) CIVIL No. 3:00CV00656(SRU)<br>)<br>)<br>)<br>)<br>) DATE: April 1, 2004<br>) |

### PLAINTIFF'S OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

Plaintiff hereby objects to the Defendant's Motion to Dismiss dated March 30, 2004, on the grounds set forth in the attached Memorandum of Law, and in accordance with the Court's ruling in the status conference of March 31, 2004.

THE PLAINTIFF
MARSHALL CHAMBERS

By: _/s/ Caleb M. Pilgrim_
CALEB M. PILGRIM, Esq.
**Law Offices of Caleb M. Pilgrim, LLC**
1404 Whalley Avenue - 2nd Floor
New Haven, CT 06510
Tel: 203-387-2524
Federal Bar No. ct 14857

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of April 2004 to Attorney Lauren Nash, AUSA, US DOJ 157 Church Street, New Haven, CT 06510.

_/s/ Caleb M. Pilgrim_
CALEB M. PILGRIM, Esq.

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR -5  P 2: 27
U.S. DISTRICT COURT
BRIDGEPORT, CONN

MARSHALL CHAMBERS,
        Plaintiff,

v.

ANTHONY PRINCIPI, Secretary,
U.S. Department of Veterans Affairs,
        Defendant.

CIVIL NO.: 3:00CV00656 (SRU)

DATE: 1 April 2004

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1. Plaintiff hereby submits the instant Memorandum of Law in support of his objection to the Defendant's Motion to Dismiss dated March 25, 2004. Defendant's Motion seeks to dismiss the Plaintiff's case outright, not on the merits, but on a technicality, to wit, alleged failures to submit a list of exhibits, and the actual exhibits on Thursday, March 25, 2004.

- Defendant complains that the Plaintiff submitted some 68 exhibits on March 26, 2004. There is no known pre-set limit for exhibits a party may introduce in a civil case. So long as the evidence is not cumulative, and repetitive, Plaintiff is entitled to introduce those exhibits, which are relevant, material, admissible, and support his case. Moreover, Defendant's exhibits supplied to the Plaintiff far, far exceed the Plaintiff's exhibits in terms of the number of total pages.

- As to the Defendant's claim that many Plaintiff's exhibits relate to claims which had already been dismissed, at the time the Plaintiff's exhibit list was drawn up, there were still pending with this Court the Plaintiff's motions for reconsideration and articulation dated January 12, 2004. To the extent that those motions sought reconsideration of specific claims, and those motions were still undecided at the time, Plaintiff reasonably included exhibits relating to those claims, pending the court's ruling. The Court ruled on Thursday, March 25, 2004. A copy of that ruling was only received later in the mail on Friday, March 26, 2004.

- Defendant's claim that the description in Plaintiff's list of exhibits was so vague that she could not identify them is disingenuous. Plaintiff's exhibits, as listed, corresponded exactly to, i.e. match the actual exhibits given to Defendant's counsel on Monday, March 29, 2004. There is therefore nothing vague about the exhibits as described by Plaintiff.

- As to Defendant's claim that Plaintiff added nine witnesses, on or about March 23, 2004, Plaintiff's Counsel indicated to Attorney Nash that he needed to consult with his client and would finalize the list once he had input from his client. When the information was procured, it was submitted to Attorney Nash shortly thereafter on Monday, March 29, 2004.

- Defendant's claim that Plaintiff's counsel did not identify which witnesses he planned to call at the start of trial.

3

By fax dated March 31, 2004 Plaintiff identified those witnesses whom Plaintiff anticipated calling on April 5, 2004, the first day of trial. This gave the Federal Government at least six (6) days to prepare for examination of those witnesses, in addition to its previous preparation. However, the trial has since been postponed.

- Moreover, Defendant's counsel was not co-operative in dealing with Plaintiff's counsel. Thus, in the brief meeting between counsel, on Monday, March 29, 2004, Attorney Nash stated to Plaintiff's counsel, that she was not going to pay to bring government witnesses who may speak in favor of Plaintiff.

- Attorney Nash also indicated in that meeting that only two witnesses (Neil Falkner and Deneen Askew) listed by the Plaintiff were still employed by the Defendant. This is not correct since Leo J. Calderone; Margaret F. Veazey, R.N., M.S.N.; Edgar Colon; and Paul V. Mulinski, Ph.D, are still in Defendant's (West Haven campus) employ.

- On Monday, March 29, 2004, Plaintiff provided Defendant's counsel with copies of exhibits he plains to introduce at trial. Defendant's argument is thus moot.

- As to Attorney Nash's claim that Plaintiff provided "unidentified pages from EEO affidavits," Plaintiff will identify the pages and submit such to Defendant.

4

- Per instructions by Underhill, J., on March 31, 2004, Defendant's claim that as to Plaintiff's witnesses and/or their whereabouts are moot at this juncture.

- Defendant's counsel claims that Plaintiff's counsel would not participate in any conference, without the Plaintiff present. Plaintiff Chambers is adamant – and counsel has always supported this desire - that he wishes to be an active participant in all meetings, conferences, correspondence, communications, be it person-to-person, telephone, facsimile, e-mail, or postal mail, concerning his case.

- Attorney Nash's claim that Plaintiff's counsel did not return calls of the Court or to her for status teleconference on 30 March 2004 is moot. Both parties conducted a status teleconference, with Underhill, J., present at 11:00AM, Wednesday, 31 March 2004.

2. Defendant claims that it is "severely prejudiced" in the preparation of its case by counsel's alleged failure to comply with the court's order to submit his list of exhibits and the exhibits by COB, Thursday, March 25, 2004. Plaintiff submitted his list of exhibits on Friday morning, March 26, 2004. He submitted copies of the actual exhibits on Monday, March 29, 2004. In the circumstances, Defendant cannot reasonably claim to be "severely prejudiced" by the minimal delay.

Moreover, since Defendant prevailed, and was granted summary judgment on most counts, leaving Plaintiff with only one count of his many claims of

5

employment discrimination against this Defendant, the Defendant's claim of "severe prejudice" rings hollow.

3. Employment discrimination cases should, at the very least, be decided on the merits rather than by technical dismissals. This Court thus rightly in the status conference on March 31, 2004, stated its reluctance to dismiss the Plaintiff's case on the grounds urged by the Defendant.

4. Plaintiff Chambers filed his initial claim in 1997. It is now 2004. It cannot be disputed that for three years from 1997, Defendant steadfastly and blatantly refused to comply with U.S. Equal Employment Opportunity Commission's (EEOC) Remand Orders and 29 C.F.R. 1614 (Please see Plaintiff's Exhibits 2.000). This cannot be disputed. Chief Judge Kenneth Chu, U.S. EEOC, on or about October 6, 1998, issued a show cause order as to why sanctions should not have been issued against this Defendant.

5. Defendant has clearly violated Mr. Chambers' civil rights, his rights under the Collective Bargaining Agreement their refusal to follow the arbitrator's decision dated August 18, 1997, the EEOC's many Orders, and 29 C.F.R. 1614. Any so-called violations of this Court Orders by this Plaintiff's counsel, pale in comparison to the excessive abuse of the process by this Defendant. None of this can seriously be disputed.

On balance, this Court should rightfully deny the Defendant's motion to dismiss, as it has indicated in the status conference on March 31, 2004.

6

WHEREFORE, Plaintiff objects to Defendant's Motion to Dismiss on the grounds that Defendant's motion is baseless, and the issues complained about have been settled per teleconference.

THE PLAINTIFF
MARSHALL CHAMBERS

By: _____
CALEB M. PILGRIM, Esq.
**Law Offices of Caleb M. Pilgrim, LLC**
1404 Whalley Avenue - 2nd Floor
New Haven, CT 06510
Tel: 203-387-2524
Federal Bar No. ct 14857

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of April 2004 to Attorney Lauren M. Nash, AUSA, US DOJ 157 Church Street, New Haven, CT 06510.

_____
CALEB M. PILGRIM, Esq.