UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF CONNECTICUT

2004 APR -7 P 3: 23

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MARSHALL CHAMBERS,                    :    Docket No. 3:00CV00656 (SRU)

      Plaintiff,                          :

   v.                                   :

ANTHONY J. PRINCIPI                   :
SECRETARY, U.S. DEPARTMENT            :
OF VETERAN'S AFFAIRS,                 :

      Defendant.                          :    April 7, 2004

### DEFENDANT'S MEMORANDUM IN OPPOSITION
### TO MOTION TO DISQUALIFY

Pursuant to Local Rule 7(a)(1) of the Rules of Federal Rules of Civil Procedure, and the

Order of this Court on March , 2004, the Defendant, Anthony J. Principi, Secretary of the U.S.

Department of Veterans Affairs, hereby respectfully submits this memorandum in opposition to

the Motion to Disqualify filed by the Plaintiff, Marshall Chambers, in the above-captioned case.

By this motion Plaintiff seeks to have the Honorable Stefan R. Underhill, U.S. District Judge,

recused from this case. Plaintiff's motion is utterly without merit and should be denied.

NO ORAL ARGUMENT IS REQUESTED

First, while Plaintiff makes serious allegations in his two-sentence motion and attached affidavit, he has failed to support this motion with any memorandum of law. Local Civil Rule 7(a)(1) requires that a motion involving a disputed issue of law "shall be accompanied by a written memorandum of law . . ." The rule also provides that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion." This defect alone is sufficient to warrant the denial of the Plaintiff's motion to disqualify.

As to the merits of the Plaintiff's claim, Plaintiff himself has submitted an affidavit in which he sets forth his allegations of bias. Plaintiff begins by indicating his belief that Judge Underhill has a personal bias or prejudice against him. See Affidavit, ¶ 5. In support of this claim, Plaintiff offers fifteen examples of such alleged bias. See Affidavit, ¶¶ 6(A) through (O). These examples include:

- the Court's dismissal of Plaintiff's retaliation claims as without merit (¶ 6(A));
- the Court's "sarcastic and unnecessary" remark that the remaining failure to promote claim was weak (¶ 6(B));
- the Court's failure to produce a written ruling when dismissing Plaintiff's retaliation claims (¶ 6(C));
- the Court's denial of Plaintiff's motion for articulation and reconsideration as 112 days late, when Plaintiff filed the motion within 10 days of a settlement conference with Magistrate Judge Underhill (¶ 6(D));;
- the Court's granting of summary judgment in the first place rather than deciding the case on the merits (¶ 6(E));
- the Court's dismissal of the Plaintiff's retaliation claims in light of the evidence presented (¶ 6(F));
- Again, the Court's dismissal of the Plaintiff's retaliation claims and failure to produce a written ruling, in light of the evidence presented (¶ 6(G));
- Again, the Court's failure to produce a written ruling when dismissing Plaintiff's retaliation claims (¶ 6(H));
- the Court's dismissal of the Plaintiff's retaliation claims on the issue of absenteeism, in light of the evidence presented (¶ 6(I));

2

- the Court's "deliberate [failure] to see the causal link" between protected conduct and discipline  (¶ 6(J));
- the Court's alleged failure to conduct any fact finding before granting summary judgment (¶ 6(K));
- Again, the Court's alleged failure to articulate his ruling when dismissing Plaintiff's retaliation claims (¶ 6(L));
- the Court's failure to accept the Plaintiff's argument concerning what constitutes retaliation  (¶ 6(M));
- the Court's dismissal of the Plaintiff's constructive discharge claim on the "technicality" that it was brought under Connecticut state law (¶ 6(N)); and
- in conclusion, the Court's refusal to articulate and reconsider its dismissal of the Plaintiff's claims making Plaintiff uncomfortable with having Judge Underhill preside over his case  (¶ 6(O)).

These fifteen claims may fairly be categorized as follows: claims of bias and prejudice based on a remark by the Court during oral argument (¶ 6(B)); claims of bias and prejudice based on rulings of the Court (¶¶ 6(A), 6(E), (F), (G), (I), (J), (K), (M), (N), and (O)); and claims of bias and prejudice based on failure of the Court to produce a written ruling  (¶¶ 6(C), 6(D), (G), (H), (L),  and (O)).  However, both statutory and case law are clear that none of these alleged bases is a proper foundation for a claim of judicial bias.

Plaintiff has moved for recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Similarly, Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although Plaintiff has failed to specify under which subsection of Section 455 he is moving, it is

3

likely to be Section 455 (b)(1), which provides for recusal when a judge "has a personal bias or prejudice concerning a party."

"The decision whether to grant a recusal motion is a matter confided to the sound discretion of the district court." <u>Franco v. Yale University</u>, No. 3:00 CV 1927(GLG), 2002 WL 63803, *2 (D. Conn. Jan. 9, 2002)(quoting <u>McCann v. Communications Design Corp.</u>, 775 F. Supp. 1506, 1522 (D. Conn. 1991), <u>reconsideration denied</u>, 1992 WL 336760 (D. Conn. Oct. 1, 1992)). In making this determination, the Court should examine the record facts and law, and "then decide whether a reasonable person, knowing all the facts and circumstances, would conclude that the trial judge's impartiality could reasonably be questioned." <u>Franco</u>, 2002 WL 63803 at *2 (citing <u>United States v. Bayless</u>, 201 F.3d 116, 126 (2d Cir. 2000)).

The Plaintiff's claims that Judge Underhill should recuse himself based his rulings and a remark by the Court during oral argument are completely groundless. In the seminal case of <u>Liteky v. United States</u>, 510 U.S. 540 (1994), the United States Supreme Court noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555. The Court reasoned:

> In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

<u>Liteky</u>, 510 U.S. at 555. <u>See also Franco</u>, 2002 WL 63803 at *2 (citing <u>United States v. Arena</u>, 180 F.3d 380, 398 (2d Cir.1999)( "Adverse rulings in other litigation or the same litigation involving the party seeking recusal generally do not constitute a basis for recusal.")).

The Supreme Court in <u>Liteky</u> continued:

> Second, opinions formed by the judge on the basis of facts introduced or events occurring
> in the course of the current proceedings, or of prior proceedings, do not constitute a basis
> for a bias or partiality motion unless they display a deep-seated favoritism or antagonism
> that would make fair judgment impossible. Thus, judicial remarks during the course of a
> trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their
> cases, ordinarily do not support a bias or partiality challenge. They may do so if they
> reveal an opinion that derives from an extrajudicial source; and they will do so if they
> reveal such a high degree of favoritism or antagonism as to make fair judgment
> impossible.

<u>Liteky</u>, 510 U.S. at 555; <u>see also</u> <u>Franco</u>, 2002 WL 63803 at *2; <u>Francolino v. Kuhlman</u>, 224 F.

Supp.2d 615, 654 (S.D.N.Y. 2002).  The claims of bias advanced by the Plaintiff in this case are

as equally without merit as those advanced in <u>Franco</u>.  There, this Court held:

> In the instant case, there have been no extrajudicial comments by this Court. There have
> been no "extrajudicial source" factors that have created any bias or prejudice on the part
> of the Court. <u>See</u> <u>Liteky</u>, 510 U.S. at 555. All statements made by this Court were
> contained in decisions in this litigation. The Court neither relied upon knowledge
> acquired outside these proceedings in rendering these decisions, nor could these decisions
> be viewed objectively, by a reasonable person with knowledge of all the facts and
> circumstances, as displaying such "deep-seated and unequivocal antagonism that would
> render fair judgment impossible." <u>See Id.</u> at 556. In actuality, what plaintiff seems to be
> challenging is the legal basis for this Court's decisions. . . .  These are grounds for appeal,
> not recusal.

<u>Franco</u>, 2002 WL 63803 at *3.  The <u>Franco</u> Court explained the reason for the stringent test for

recusal:

> As this Court has recognized, "[i]t is vital to the integrity of the system that a judge not
> recuse himself on unsupported, irrational or highly tenuous speculation." <u>McCann[ v.</u>
> <u>Communications Design Corp.]</u>, 775 F.Supp. [1506,] 1523 [(D. Conn. 1991)]. Recusal
> motions should not be used as strategic devices to "judge shop." <u>Id.</u> at 1522. Further, a
> judge must be free to make rulings on the merits in a case without the apprehension that if
> he rules unfavorably to one litigant, he may have created the impression of bias or
> impartiality. <u>Id.</u>

<u>Franco</u>, 2002 WL 63803 at *4.

As the foregoing demonstrates, the Plaintiff's allegations of bias based solely on this Court's judicial activity in this case have no foundation in the law.[1]  Plaintiff's affidavit does not in any way support a finding of bias or prejudice by this Court.  Rather, what appears from the Plaintiff's affidavit is that the Plaintiff simply wants another judge to preside over his case.  This is a blatant attempt to "judge shop", and is the kind of "unsupported, irrational or highly tenuous speculation" which must never form the basis for a recusal.  Franco, 2002 WL 63803 at *1 Indeed, the filing of this motion, two days before jury selection and four days before the commencement of trial, in such clear contravention of judicial precedent, without a supporting memorandum of law, and with such deriding comments about the equitable and fair-minded conduct of Judge Underhill, is very close to contempt.  See Franco, 2002 WL 63803 at *1, n.1 (in response to "derisive" claims that Judge Goettel's rulings were sarcastic and reflected a refusal to apply applicable law, noting that "[t]hese descriptions of the Court's rulings might seem to some to be a contempt of Court.").

---

[1] As in Franco, the Plaintiff's motion for recusal is not and cannot be based on any extra-judicial conduct by this Court.  Franco, 2002 WL 63803 at *1 (". . . this motion derives from the Court's rulings on a series of motions filed last year. Indeed, the recusal motion would have to be based on these rulings, since this Court does not know plaintiff . . . nor had any communications with either plaintiff or his counsel other than by decisions in the case.")

For the foregoing reasons, the Plaintiff's Motion to Disqualify the Honorable Stefan J. Underhill based on bias and prejudice should be denied in its entirety.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*Lauren Nash*

LAUREN M. NASH/amr
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705

7

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Defendant's Memorandum in

Opposition to Motion to Recuse has been mailed, postage prepaid, on this 7th day of April, 2004,

to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT 06515

*Lauren Nash*
LAUREN M. NASH/amn
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT 06510
(203) 821-3700
FEDERAL BAR # ct01705