UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 12  P 12: 25

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | } | |
| Plaintiff | } | Docket No.: 3:00CV00656(SRU) |
| v. | } | |
| | } | |
| ANTHONY J. PRINCIPI, Secretary, | } | |
| U.S. Department of Veterans Affairs, | } | April 9, 2004 |
| Defendant | } | |

## MOTION FOR ORDER

Pursuant to FRE 804 (b) Plaintiff MARSHALL CHAMBERS, hereby moves this Court for an order permitting the Plaintiff to introduce, at any trial of the above-captioned matter, relevant excerpts from any and all affidavits, or testimony, proffered by those witnesses/agents/employees of the Defendant, who may now be out of state, or no longer employed by the Defendant, or whose whereabouts are presently unknown.

In support of this motion, Plaintiff represents as follows:

1.   Opposing counsel on Monday, March 29, 2004, indicated to Plaintiff's counsel that only two of all those witnesses listed by the Plaintiff were still employed by the Defendant, and that those two witnesses were employed out of state.   Upon information and belief, Plaintiff, Marshall Chambers, maintains otherwise.

2.   Plaintiff has requested that Defendant provide the last known addresses of all those witnesses/agents/employees of the Defendant listed by the Plaintiff.

3.   Several witnesses listed by the Plaintiff testified in EEO Hearings on the discrimination and retaliation complaints brought by this Plaintiff against this Defendant. *(EEO Cases #s 97-1322, 97-2202 and 98-0205).*

4.   Defendant was in fact the Respondent, an interested party in those prior proceedings, had notice of those proceedings, and had both the opportunity and motive to develop the testimony of these witnesses by direct, cross, or re-direct examination.

5.   Moreover, the subject affidavits/testimony during the EEO proceedings were all under oath.

6.   In addition, Defendant's counsel has also stated on Monday, March 29, 2004, that the Federal Government would not pay for its employees to come to Bridgeport to testify on the Plaintiff's behalf.

7.   Plaintiff is demonstrably indigent, without income, and cannot afford the costs of transporting any Federal Government, or out of state witnesses, to Bridgeport to testify.

8.   Introduction of the afore-mentioned prior sworn testimony and Affidavits should/would reasonably be expected to aid the truth-seeking function of the court.

WHEREFORE:  Plaintiff moves this Court for the afore-mentioned order.

Respectfully submitted,
PLAINTIFF, MARSHALL CHAMBERS

CALEB M. PILGRIM, ESQ.
LAW OFFICES OF CALEB M. PILGRIM, LLC
1404 WHALLEY AVENUE, 2ND FLOOR
NEW HAVEN, CT 06515
(203) 387-2524
FEDERAL BAR NO. CT14857

## CERTIFICATE

I hereby certify that a copy of the foregoing was mailed to Attorney Lauren Nash, AUSA, U.S. Department of Justice, 157 Church Street, New Haven, CT 06510 on April 9, 2004.

*Caleb M. Pilgrim*
CALEB M. PILGRIM, ESQ.