UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 14  A 10: 26

U.S. DISTRICT COURT
BRIDGEPORT. CONN

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | } | |
| Plaintiff | } | Docket No.: 3:00CV00656(SRU) |
| v. | } | |
| | } | |
| ANTHONY J. PRINCIPI, Secretary, | } | |
| U.S. Department of Veterans Affairs, | } | April 12, 2004 |
| Defendant | } | |

## PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO DISQUALIFY

Plaintiff hereby replies to Defendant's Memorandum in Opposition to Plaintiff's Motion to Disqualify dated April 7, 2004.  In support of this Reply, Plaintiff represents:

1.    On or about March 30, 2004, Plaintiff filed a Motion to disqualify the trial Judge in his case.  Plaintiff's motion was filed pursuant to 28 U.S.C. §§ 144 and 455.

2.    Defendant deliberately misconstrues and attempts to steer, if not mislead this Court, alleging that "[A]lthough Plaintiff has failed to specify under which subsection of Section 455 he is moving, it is likely to be Section 455(b)(1), which provides for recusal when a judge "has a personal bias or prejudice concerning a party." Defendant's Memorandum at 3-4. Contrary to the Defendant's allegation, Plaintiff's motion was filed "pursuant to ... § 455". § 455, by definition, includes both § 455(a) and 455 (b)(1), the specific sub-sections under which Plaintiff filed his motion to disqualify.

1

3.     § 455(a) specifically provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned".

4.     § 455 (b) provides that ...

> He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party...

5.     The purpose of § 455, the disqualification statute, is to avoid even the appearance of impropriety.  The statute's remedial purpose is of paramount importance.  So much so, that it has been held that "the appearance of impropriety is not lessened by the fact that the litigation would have come out the same anyway".  Health Serv. Acquisition Corp. v. Liljeberg, 796 F.2d 796, 801 (5th Cir.1986), aff'd, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

6.     Almost all courts considering the issue of disqualification under § 455 have held § 455(a) to be "self-executing". As explained in Taylor v. O'Grady, 888 F.2d 1189, 1200 (7th Cir.1989), "[r]ecusal under § 455 is self-executing;  a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." See also, United States v. Story, 716 F.2d 1088, 1091 (6th Cir.1983) ("section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint"); Aronson v. Secretary of Veterans Affairs, 14 F.3d 1578, 1582 (United States Court of Appeals, Federal Circuit.1994); Roberts v. Bailar, 625 F.2d 125, 128 (6th Cir.1980).

7.    There is thus no particular procedure that a party must follow to
      obtain judicial disqualification under Section 455(a).  Instead, this
      section sets forth a mandatory guideline that federal judges must
      observe sua sponte. No motion is required from the parties to effect
      such a recusal.  See Liljeberg, supra, at 802 (provisions of Section
      455(a) "mandatory and self- executing" upon appearance of
      partiality).  Nor are affidavits required.

8.    Indeed, "[S]ection 455 is self-executing, requiring the judge to
      disqualify himself for personal bias even in the absence of a party
      complaint." United States v. Story, 716 F.2d 1088, 1091 (6th
      Cir.1983); also, United States v. Miranne, 688 F.2d 980, 985 (5th Cir.
      1982)( Section 455 "does not require any filings by the party").

9.    § 455 is also clearly not contingent upon any local rule or regulation.
      Application of the expressio unius rule compels this conclusion. If
      Congress and the drafters of § 455 had intended that that Section
      depend upon some other local rule or regulation, Congress and the
      drafters would have said so. As such, there is under § 455 no
      requirement of a memorandum of law in support of the
      disqualification motion.

9.    Plaintiff filed his motion to disqualify pursuant to §§ 144 and 455.
      The only difference "between sections 144 and 455 is that 455 is self-
      executing, requiring the judge to disqualify himself for personal
      bias even in the absence of a party complaint." United States v.
      Story, supra at 1091.  Thus, recusal is mandated where a
      reasonable person knowing all the circumstances would harbor

3

doubts concerning the judge's impartiality.  <u>United States v.
Dalfonso</u>, 707 F.2d 757, 760 (3d Cir.1983).

10.   Defendant has listed 15 reasons given by the Plaintiff in his original
      affidavit dated March 27, 2004, why this Court should disqualify
      itself in this case (Defendant's Memorandum at 2-3).

11.   In addition, Plaintiff by way of Supplementary Affidavit in Support of
      Motion to Disqualify dated April 6, 2004 adduced several additional
      reasons in support of his motion to disqualify.

12,   By way of additional example, this Court in its bench ruling granting
      summary judgment to the Defendant, and without hearing any
      evidence whatsoever, expressed the view that the Plaintiff's failure
      to promote claim was "weak".  An arbitrator who had previously
      heard evidence on the matter thought otherwise, and decided the
      failure to promote claim in favor of the Plaintiff.

13.   Justice Scalia writing for the majority in <u>Liteky v. United States</u>, 114
      S.Ct. 1147, 127 L.Ed.2d 474 (1994) stated that "opinions formed by
      the judge on the basis of facts introduced or events occurring in the
      course of the current proceedings, or of prior proceedings, do not
      constitute a basis for a bias or partiality motion unless they display
      a deep-seated favoritism or antagonism that would make a fair
      judgment impossible."

14.   In an earlier case, <u>Haines v. Liggett Group</u>, 975 F.2d 81 (3d
      Cir.1992), the Court of Appeals allowed disqualification.  Judge Lee
      Sarokin had conducted the trial of, and was assigned to retry the
      nation's major cigarette companies who stood accused of
      producing a product that caused cancer.   In an opinion from the

bench he said: "Who are these persons who knowingly and secretly decide to put the buying public at risk solely for the purpose of making profits? ... The tobacco industry may be the king of concealment and disinformation." The Court of Appeals concluded that these words raised at least a question as to Judge Sarokin's impartiality and ordered a change of judge.

15.  Plaintiff Chambers has expressed, and expresses here, his concern that nowhere in its Memorandum does the Defendant state that this Court can fairly and impartially hear the issues in his case. In such circumstances, it is reasonable to conclude that a disinterested, reasonable person viewing the matter objectively, based on the Court's earlier statements, rulings, and pre-disposition, would reasonably conclude that this Court could not render a fair and objective treatment of the Plaintiff in this case.

In conclusion, a judge, it is said, sits as a minister in the temple of justice. In this case, Plaintiff Chambers, based on his affidavits, believes that any trial before the trial judge is already fraught with injustice. It is axiomatic that justice must not only be done, it must be seen to be done. Based on the Court's statements, rulings and (pre-)disposition, Plaintiff maintains that these evince clear bias, prejudice and hostility to the Plaintiff and his legal rights, and merit disqualification in this case. To hold otherwise, would be an abuse of this Court's discretion.

Respectfully submitted,

PLAINTIFF, MARSHALL CHAMBERS

CALEB M. PILGRIM, ESQ.
LAW OFFICES OF CALEB M. PILGRIM, LLC
1404 WHALLEY AVENUE, 2ND FLOOR
NEW HAVEN, CT  06515
(203) 387-2524
FEDERAL BAR NO. CT14857

5

## CERTIFICATE

I hereby certify that a copy of the foregoing was mailed to Attorney Lauren
Nash, AUSA, U.S. Department of Justice, 157 Church Street, New Haven, CT
06510 on April 12, 2004.

_____
                    CALEB M. PILGRIM, ESQ.