UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 14  A 10: 26

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MARSHALL CHAMBERS,  }
        Plaintiff  }  Docket No.: 3:00CV00656(SRU)
v.  }
   }
   }
ANTHONY J. PRINCIPI, Secretary,  }
U.S. Department of Veterans Affairs,  }  April 12, 2004
        Defendant  }

## PLAINTIFF'S BRIEF ON THE ISSUE OF DUAL REPRESENTATION

In Status Conference on Wednesday, March 31, 2004, this Court ordered the parties to brief the issue of whether Plaintiff could file a pro se appearance in addition to the appearance of counsel already on file in his case. Plaintiff had earlier filed a pro se appearance in addition to the appearance of counsel on file, as well as his Petition for Interlocutory Appeal.

Federal and state laws clearly guarantee parties the right to conduct their own cases. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1654. This statutory guarantee has existed since the First Congress. Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789). United States v. Plattner (2d Cir. 1964) 330 F.2d 271, 274. Connecticut P.B § 3-8 provides in pertinent part "Whenever ... a party files an appearance for himself or herself, and there is already an appearance ... on file for that party ... the party filing the new appearance shall state thereon whether such appearance is in place of or in addition to the appearance or appearances already on file".

This right to proceed pro se is not merely statutory, it is a right of constitutional dimension. (Bayless v. United States (9th Cir. 1967) 381 F.2d 67, 71. See also Adams v. United States ex rel. McCann (1942) 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 ("The right to assistance of counsel and the correlative right to

1

dispense with a lawyer's help are not legal formalisms . . .. [T]he Constitution does not force a lawyer upon a defendant."); See United States v. Price, 474 F.2d 1223, 1226, C.A.9, 1973.

However, some courts, in interpreting 28 U.S.C. § 1654, have also held that the phrase "the parties may plead and conduct their own cases personally or by counsel" means that a person can either proceed pro se or be represented by an attorney, but not by both methods--a "hybrid" representation—simultaneously. United States v. Hirschfeld, 911 F.Supp. 200, 201 (E.D.Va.1995)(citations omitted).

On the other hand, in Hayes v. Warden Hawes, 921 F.2d 100 (1990) the Court of Appeals for the Seventh Circuit held that while there is no Sixth Amendment right to file a pro se brief when the defendant is represented by counsel, nothing precluded the Appellate Court in that case from accepting the pro se brief and considering the arguments contained therein.

There are also numerous, documented cases of lawyers representing themselves pro se in litigation despite the strictures against doing so. Courts have never rejected their appearances or their filings in such cases. To the extent that a lawyer is permitted to represent himself pro se, (and appears both as a "party" and as "counsel" at the same time), arguably, a party with paralegal training, should also be permitted to exercise his or her right of self-representation, regardless of the reasons for and conventional wisdom against doing so.

Thus, in the instant case, Plaintiff Chambers has filed a pro se appearance and a Petition for Interlocutory Appeal. His appearance, he designated, as in addition to the appearance of counsel, already on file. He has clearly stated his intention to appeal this Court's decision(s) concerning specific issues in his case. His

appearance is therefore proper in this case, and his submissions should be fairly accepted and considered by both the District and the Appeal Court.

Moreover, Plaintiff Chambers, as previously stated, is indigent. If for whatever reason he is unable either to represent himself, or to find representation on his own, or if this Court should somehow decide to strike his appearance for whatever reason, the issue becomes whether the District Court should appoint counsel to prosecute his Interlocutory Appeal. In such circumstances, Plaintiff may seek, and the District Court should be required to appoint counsel, for Plaintiff's Interlocutory Appeal, unless Plaintiff requests otherwise.

                                          Respectfully submitted,
                                          PLAINTIFF, MARSHALL CHAMBERS

                                          CALEB M. PILGRIM, ESQ.
                                          LAW OFFICES OF CALEB M. PILGRIM, LLC
                                          1404 WHALLEY AVENUE, 2ND FLOOR
                                          NEW HAVEN, CT 06515
                                          (203) 387-2524
                                          FEDERAL BAR NO. CT14857

## CERTIFICATE

I hereby certify that a copy of the foregoing was mailed to Attorney Lauren Nash, AUSA, U.S. Department of Justice, 157 Church Street, New Haven, CT 06510 on April 12, 2004.

                                          CALEB M. PILGRIM, ESQ.