UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 16  P 3: 47

U.S. DISTRICT COURT
BRIDGEPORT (SRU)

| | |
|---|---|
| MARSHALL CHAMBERS,<br>　　　　　Plaintiff<br>v.<br><br>ANTHONY J. PRINCIPI<br>Secretary, U.S. Department of<br>Veterans Affairs,<br>　　　　　Defendant | Docket No.: 3:00CV00656(SRU)<br><br><br><br><br>April 16, 2004 |

## SUPPLEMENTARY AFFIDAVIT SUPPORTING MOTION TO DISQUALIFY

I, **MARSHALL CHAMBERS**, undersigned, being duly deposed and sworn do state as follows:

1.  I am over the age of eighteen (18) years and believe in the obligations of an oath.

2.  I am Plaintiff in the above-captioned case, and am personally familiar with the facts and circumstances surrounding my case.

3.  I am informed, and believe, and upon such information and belief, do state the following.

4.  I participated in a Status Conference on my case on Wednesday, March 31, 2004, along with the Hon. Judge Stefan Underhill, Attorney Lauren Nash, who represents the VA, and Caleb M. Pilgrim, my attorney.

5.  I have previously asked that the Judge in this matter disqualify himself from hearing my case based on personal bias and prejudice.

1

6. During the Status Conference on Wednesday, March 31, 2004, in speaking on my motion to disqualify him, among other things, the Judge asked Attorney Nash, the lawyer for the VA, whether she wanted him to handle it, or whether she wanted to file an objection.

7. In response, Attorney Nash stated that the Court could deal with it sua sponte, but she would still file an objection anyway.

8. Insofar as the Judge asked one side in this dispute if she wanted him to deal with it (meaning my motion to disqualify), it seemed as though he was putting himself on the same side/level as the opposing party and choosing sides. I genuinely could not believe what I was hearing.

9. That the Judge would ask one side in a dispute if she wanted him to deal with an issue (i.e., the motion to disqualify) rather than await a potential objection, then rule on both motions fairly and in due course, shows that this Court cannot be even handed and impartial in my case.

10. My attorney has, this day, also advised me that he has received messages from opposing counsel on April 2, 2004 and April 5, 2004, that we are to send her no more "exhibits and stuff," because by doing so, we are in direct contravention of the Judge's Orders. If the Judge made any such Order before, during or after the most recent status conference, it is unknown to me and my attorney.

11. Also, I feel obliged to raise the following issue. A-long with the lawyers, I was kept waiting for more than thirty (30) minutes at the beginning of the Status Conference. Without being overly sensitive, I personally felt disrespected when the Judge came on to the record and did not display at

2

least the common courtesy of an apology for having kept us waiting. Had I displayed the same, and the shoe been on the other foot, I believe that he would have chewed us out. I immediately asked Attorney Pilgrim to raise what appeared to be a lack of common courtesy. He refused.

12. Finally, on at least two occasions, the Judge appeared to shout at my attorney ("Mr. Pilgrim! etc, etc.,"), betraying obvious anger, notwithstanding the Court's attempt to conceal its anger. This contrasted with the favorable, respectful way in which the Court treated the government's lawyer. I drew this to the attention of my attorney immediately after the Status Conference on March 31, 2004. This obvious bias caused and causes me great concern.

13. In the circumstances, based on his statements, his rulings, and his disposition, I believe it is impossible for me to receive a fair trial at the hands of this Judge. I again respectfully ask that this Judge disqualify himself from hearing my cause.

14. I make the foregoing statements of my own free will and volition; I have not been coerced, threatened or influenced in any way, and the foregoing statements are true and correct according to my best knowledge and belief.

_____
MARSHALL CHAMBERS
P.O. Box 375,
Camden, NJ 08101-0375

Subscribed and sworn to before me this 16th day of April, 2004.

_____
Commissioner of the
Superior Court

3

## CERTIFICATION

I, MARSHALL CHAMBERS, undersigned, hereby certify that the foregoing Supplementary Affidavit was made in good faith, and that a copy of the foregoing Supplementary Affidavit dated April 6, 2004, was mailed to Attorney Lauren Nash, AUSA, U.S. Attorney's Office, 157 Church Street, New Haven, CT 06510 on April 6, 2004.

I further certify that a copy of the said Supplementary Affidavit was mailed to the Clerk's Office, U.S. District Court, 915 Lafayette Boulevard, Bridgeport, CT 06606 on April 6, 2004, which copy was returned to me by the Clerk's Office by mail postmarked April 12, 2004.

A copy of this Supplementary Affidavit dated April 16, 2004, is being mailed contemporaneously herewith to Attorney Lauren Nash, AUSA, U.S. Attorney's Office, 157 Church Street, New Haven, CT 06510 this 16th. day of April, 2004.

_____
MARSHALL CHAMBERS