U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marshall Chambers,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Anthony J. Principi,<br>Secretary, U.S. Department of Veterans Affairs,<br>　　　　　　　　　　Defendant. | CASE NR.: 3:00CV00656 (SRU)<br><br>April 19, 2004 |

FILED
2004 APR 19 P 2: 10
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## PLAINTIFF'S MOTION TO CLARIFY

Plaintiff, through counsel undersigned, hereby seeks clarification of the Court's ruling of March 31, 2004 mandating that Plaintiff not submit any further "requests and updates and exhibit lists and witness lists and things." (Exhibit).

In support of this motion, Plaintiff represents that there is some degree of ambiguity with respect to the Court's order that Plaintiff Chambers cease and desist trial preparation and submit nothing further. While mindful of the Court's right to orderly manage its dockets and/or cases, the Court's ruling was solely at the Defendant's urging, that Plaintiff's counsel not forward her "lists," "things," and "stuff." (The Court did not initiate this endeavor). Nonetheless, such ruling may greatly prejudice Plaintiff's due process rights.

Plaintiff has filed a Request for Leave to Amend His Complaint, an Amended Complaint, a Motion for Summary Judgment and Supporting Memorandum of Law. To date, Defendant has failed to respond, pursuant to the FRCP and Local Rules. Insofar as the Court has ordered Plaintiff to cease and desist from trial preparation and forwarding Defendant's counsel "witness lists", "things", and "stuff", per Defendant's Counsel, Plaintiff seeks clarification of this Court's ruling in light of established law as to (1) Plaintiff's continuing duty of disclosure, as in the instant case; (2) Defendant's obligation to respond to Plaintiff's motions, as aforementioned.

1

To the extent Plaintiff seeks clarification, Plaintiff files contemporaneously herewith pursuant to FRCP and Local Rule, "Motions for Default for Failure to Plead" with respect to Plaintiff's "Motion for Leave to Amend," and "Amended Complaint," and with respect to Plaintiff's "Motion for Summary Judgment."

THE PLAINTIFF,<br>
MARSHALL CHAMBERS<br>
<br>
_____<br>
CALEB M. PILGRIM, Esq., His Attorney<br>
Law Offices of Caleb M. Pilgrim, LLC<br>
1404 Whalley Avenue (2d Floor)<br>
New Haven CT 06515-1146<br>
Tel: 203.387.2524<br>
Fed Bar no. ct 14587

## CERTIFICATION

I, CALEB M. PILGRIM, Esq., Plaintiff's Attorney, hereby certify that a copy of the foregoing motion was mailed to Lauren M. Nash, Esq., Assistant U.S. Attorney, U.S. Department of Justice, 157 Church Street, New Haven CT 06510 on April 19, 2004.

_____
CALEB M. PILGRIM, Esq.

# Caleb M. Pilgrim

LAW OFFICES OF CALEB M. PILGRIM, L.L.C. • P.O. BOX 3649 • NEW HAVEN, CT 06515
TEL: 203 387-2524 • FAX: 203 387-2527 • EMAIL: pilgrimesq@aol.com

Attorney At Law

'04 APR -6 PM 12:40

U.S. ATTORNEY'S OFFICE
NEW HAVEN, CONNECTICUT

April 5, 2004

Attorney Lauren Nash
U.S. Attorney's Office
157 Church Street
New Haven, CT 06510

**RE: Chambers v. Principi**

Dear Attorney Nash:

My secretary has informed me of your recent messages, asking that I send you "no more exhibits", and "stuff", on the grounds that Judge Underhill has ordered us not to do further trial preparation, and you consider my actions in direct contravention of the Judge's Orders.

However, you will no doubt recall that in the status conference on Tuesday, March 30, 2004, Underhill, J., expressly stated that we should continue on, and prepare as though this matter were "going to trial". Thus, I am unaware of any statement(s) of his that we should stop trial preparation(s). In accordance with his instructions, and consistent with my duty of continuing disclosure, we must/should therefore proceed as though we were going to trial. Thank you for your kind attention to this matter.

Very truly yours,
Law Offices of Caleb M. Pilgrim, L.L.C.

Caleb M. Pilgrim

CMP/edw



U.S. Department of Justice

United States Attorney
District of Connecticut

| | |
|---|---|
| Connecticut Financial Center<br>157 Church Street<br>P.O. Box 1824<br>New Haven, Connecticut  06510 | (203) 821-3700<br><br>Fax (203) 773-5373 |

<u>VIA FACSIMILE</u>                               April 12, 2004

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

       Re:   <u>Marshall Chambers v. Anthony J. Principi, Secretary of Veterans Affairs</u>,
             Civil No. 3:00CV656 (SRU)

Dear Mr. Pilgrim:

    This is in response to your letter dated April 5, 2004 in which you deny knowledge of this Court's Order that trial preparation cease in this case. Your denial has required that I order and pay for a transcript of the March 31, 2004 proceedings in this case, a cost I will seek to recoup from you. The relevant pages are attached hereto.

    It is clear from the transcript that while the Court originally ordered us to continue trial preparation, he later changed his mind and specifically ordered that counsel cease trial preparation in light of your pending motion to amend the complaint. <u>See</u> Transcript, pages 16-17. In fact, I asked the Court that you not send me any further trial preparation documents, and the Court's response was, "That's fine. We'll put trial preparation on hold pending resolution of some of these motions." <u>See</u> Transcript, pages 20-21.

    If you send me any more trial preparation materials or make any more motions or requests related to trial preparation before being allowed to do so by this Court, I will seek immediate judicial relief for your continued violation of this Court's order.

                                       Very truly yours,

                                       KEVIN J. O'CONNOR
                                       UNITED STATES ATTORNEY

                                       LAUREN M. NASH
                                       ASSISTANT UNITED STATES ATTORNEY

enc.

**COPY**

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

CHAMBERS                              : No. 3:00CV-656 (SRU)
                                      : 915 Lafayette Boulevard
        vs.                           : Bridgeport, Connecticut
                                      :
                                      : March 31, 2004
PRINCIPI                              :

- - - - - - - - - - - - - - - x

TELEPHONE CONFERENCE

B E F O R E:

  THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

  FOR THE PLAINTIFF:

      CALEB PILGRIM, ESQ.
          1404 Whalley Avenue
          New Haven, Connecticut  06505

  FOR THE DEFENDANT:

      OFFICE OF THE UNITED STATES ATTORNEY
          157 Church Street, 23rd Floor
          New Haven, Connecticut 06510
      BY: LAUREN NASH, AUSA

Susan E. Catucci, RMR
Official Court Reporter
915 Lafayette Boulevard
Bridgeport, Connecticut  06604
Tel: (203) 246-6385

04/13/04 06:40 FAX 203 773 5373    US ATTORNEY'S OFFICE NH    @005
Case 3:00-cv-00656-SRU    Document 104    Filed 04/19/2004    Page 6 of 11

16

1  where the clerk's office doesn't know whether or not to
2  accept something because Mr. Chambers signed it pro se
3  when he also has a lawyer appearing for him.
4       MR. CHAMBERS: My attorney, Attorney Pilgrim can
5  sign and -- all the other elements that goes with it, Your
6  Honor.
7       THE COURT: Okay, great. That will make our
8  life easier on this end.
9       MS. NASH: So will the the court and counsel be
10 advised after the ten day period of who's going to
11 proceed, whether it be pro se or through counsel and how
12 will we be advised?
13      THE COURT: Well, as I understand it,
14 Mr. Chambers is going to, and/or Mr. Pilgrim is going to
15 submit something on the question of whether he has a right
16 to proceed pro se as well as through counsel, and when I
17 receive that, if the government wants to respond, they
18 should let us know.
19      MS. NASH: Yes, Your Honor.
20      THE COURT: If so, I'll wait for the
21 government's papers. If not, I'll take it up and I'll
22 make a ruling as to whether he is entitled to proceed both
23 pro se and with counsel, and depending on what that ruling
24 is, we'll go one way or the other.
25      MS. NASH: Okay, and with respect to Your Honor,

04/13/04 06:41 FAX 203 773 5373 US ATTORNEY'S OFFICE NH ☒006
Case 3:00-cv-00656-SRU   Document 104   Filed 04/19/2004   Page 7 of 11

17

```
 1   should we should continue our trial preparation -- but at
 2   this point I think we need to wait for rulings on the
 3   plaintiff's motions, right.
 4           THE COURT: Well, I suppose that's true. I
 5   just, I don't want --
 6           MS. NASH: Things to just go by the wayside.
 7           THE COURT: Yes.
 8           MS. NASH: Right, I understand that, Your Honor.
 9           MR. PILGRIM: Your Honor, I thought the court
10   said we would proceed as if we were going to trial and --
11   I thought that's what I heard.
12           THE COURT: Well, I'm changing my mind a little
13   bit because if you want to proceed on claims that you are
14   now seeking to add, it's very difficult for either side to
15   know what preparation is necessary until they know what
16   claims are going to be tried. So I think we should sort
17   that or I or some other judge if I'm not in the case
18   should decide that before the parties can reasonably be
19   expected to complete their compliance.
20           MR. PILGRIM: Judge, I think Mr. Chambers, as I
21   indicated will perhaps, and I do understand his position,
22   Mr. Chambers did indicate that he's indigent, he has no
23   telephone. And you can -- and by and large that is only
24   one facet of his life, sometimes he has not had a car or
25   bus fare to meet with me so that we can consult and deal
```

04/13/04  06:42 FAX 203 773 5373    US ATTORNEY'S OFFICE NH                    ☐ 007
Case 3:00-cv-00656-SRU   Document 104   Filed 04/19/2004   Page 8 of 11

19

```
 1   with things as expeditious as I have requested.  And this
 2   is no fault of his, but to some extent I would ask for say
 3   rather than the ten days, to the extent the court has just
 4   changed its mind, perhaps 16 days realistically because I
 5   can't foresee an imminent change in Mr. Chamber's
 6   circumstances within such a short period of time, but he
 7   can speak to the issue, if he so desires.
 8           THE COURT:  Fifteen days for what?  Mr. Pilgrim?
 9   Hello?
10           MR. PILGRIM:  Yes, Your Honor.
11           THE COURT:  Fifteen -- what do you want 15 days,
12   for what?
13           MR. CHAMBERS:  Well, Your Honor -- this is
14   Marshall Chambers speaking, sir.  15 days, if the court
15   asks for ten days originally or one week, if we can make
16   it 15 days if the court changed its mind --
17           THE COURT:  Well, 15 days for what?
18           MR. PILGRIM:  On the issue of dual
19   representation, and I think also -- I'm not sure the
20   government is going to raise -- if they brief the issue of
21   disqualification, for one thing, and a reply brief, you
22   said I can proceed under the local rule and I assume
23   Mr. Chambers will want -- Mr. Chambers -- he's indicating,
24   I think, that he wants 15 days.
25           MS. NASH:  I don't understand the reasoning,
```

04/13/04  06:43 FAX 203 773 5373     US ATTORNEY'S OFFICE NH            ☒008
Case 3:00-cv-00656-SRU    Document 104    Filed 04/19/2004    Page 9 of 11

19

1   Your Honor.  Your Honor just said we didn't have to do
2   trial prep so now we should have more time to do other
3   things.
4           THE COURT:  Look --
5           MR. PILGRIM:  Mr. Chambers does not have a
6   telephone in his house.
7           THE COURT:  Let's do this:  We have several
8   things that I need to hear from you about, one of which is
9   the pro se representation issue.  When do you want to
10  respond to -- when do you want to file something on that
11  issue?
12          MR. CHAMBERS:  We would like to file that, Your
13  Honor, I'd like to change it from ten to 15 days, Your
14  Honor.
15          THE COURT:  That's fine, so I'll hear from you
16  on that 15 days from today.
17          MR. CHAMBERS:  Yes, sir.  Thank you, Your Honor.
18          MS. NASH:  The government will advise the court
19  when it gets the brief if it will be filing a reply and if
20  so, when.
21          THE COURT:  All right.  Now, let's turn to the
22  question of briefing the disqualification motion.  What
23  does the government want to do in terms of submitting
24  something?
25          MS. NASH:  I will submit something by next

04/13/04  06:44 FAX 203 773 5373    US ATTORNEY'S OFFICE NH                     ☑009
Case 3:00-cv-00656-SRU    Document 104    Filed 04/19/2004    Page 10 of 11

20

```
 1   Wednesday, Your Honor.
 2           THE COURT: All right, and how how long does the
 3   plaintiff want to respond to that?
 4           MR. CHAMBERS: I say everything within 15 days,
 5   Your Honor. I'm Marshall Chambers.
 6           THE COURT: All right, that's fine. And the
 7   other motions, which again I haven't seen, but all other
 8   motions should be briefed according to the local rules.
 9           MS. NASH: Yes, Your Honor.
10           THE COURT: All right. So that's 21 days for
11   objections, and ten days, which is really 14 calendar
12   days --
13           MS. NASH: Right.
14           THE COURT: -- for replies, all right? Is that
15   acceptable to everybody?
16           MS. NASH: Yes, Your Honor.
17           MR. PILGRIM: That is correct, Your Honor.
18           THE COURT: All right. Okay.
19           MS. NASH: I would simply conclude by requesting
20   that Mr. Pilgrim not send me any more exhibit lists or
21   witness lists, that we can put that on hold because it's,
22   you know, I think we need now to clarify the status of the
23   claims before we do anything else with that, Your Honor.
24   I've been getting fairly regular, you know, requests and
25   updates and exhibit lists and witness lists and things,
```

```
1    so --
2            THE COURT:  That's fine.  We'll put trial
3    preparation on hold pending resolution of some of these
4    motions.
5            MS. NASH:  Shall we talk again, Your Honor, or
6    simply just deal with the court with our briefs?
7            THE COURT:  I don't see a need to talk again.
8    If either of you do, I'm always available by phone.  As a
9    practical matter I think I need to resolve the
10   disqualification issue and/or the pro se issue before we
11   proceed too much further, but once those issues are
12   resolved, I'm happy to have conferences whenever anybody
13   thinks it might be useful.
14           MS. NASH:  Thank you, Your Honor.  And thank you
15   for the consideration of continuing the trial.
16           MR. PILGRIM:  Thank you, Your Honor.
17           THE COURT:  All right.  Anything further?
18           MS. NASH:  No, Your Honor.
19           MR. PILGRIM:  No, Your Honor.
20           THE COURT:  All right, thank you all.
21           (Whereupon the above matter was adjourned at 12:10
22   o'clock, P. M.)
23
24
25
```