U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

Marshall Chambers,
        Plaintiff,

v.

Anthony J. Principi, Secretary
Department of Veterans Affairs,
        Defendant.

CASE No:3:00CV00656 (SRU)

April 16, 2004

FILED
2004 APR 20 P 12: 35
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

Pursuant to FRCP 60(b), Plaintiff hereby moves for Relief from Judgment or Order in the above-captioned matter. Specifically, this action came for hearing before the Court, Honorable Stefan R. Underhill, District Judge, presiding, on September 22, 2003. The Court at that time granted and denied in part, Summary Judgment in favor of the Defendant.

Federal Rule of Civil Procedure 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... (6) any other reason justifying relief from the operation of the judgment..." Plaintiff contends that the Court through mistake, inadvertence, excusable neglect, or for whatever other reasons, failed, omitted and subsequently refused to provide specific reasons in any statement of decision, including the Court's bench ruling on September 22, 2003, indicating the Court's reasoning on disputed issues, namely Plaintiff's retaliation claims with respect to:

    1.    Defendant's verbal warning of Plaintiff on March 27, 1997;

    2.    Defendant's demotion of the Plaintiff on or about March 26, 1997.

    3.    Defendant's formal (written) warning of Plaintiff on April 25, 1997;

    4.    Defendant's sick leave restriction of Plaintiff on May 16, 1997;

    5.    Defendant's letter of perpetual leave denial to Plaintiff on June 17, 1997

    6.    Defendant's proposed admonishment of Plaintiff on June 16, 1997;

7. Defendant's admonishment of Plaintiff on July 3, 1997;

8. Defendant's proposed suspension of Plaintiff on July 15, 1997;

9. Defendant's denial of the Plaintiff's right to participate in Defendant's Flexiplace Work Program on or about mid-August, 1997;

10. Defendant's suspension of Plaintiff on August 29, 1997;

11. Defendant's removal of Plaintiff's Veteran's Preference Points between June 1996 and August 1997.

Plaintiff submits that the Court erred in its decision. In this vein, a brief discussion on retaliation appears in order.

Statutory Provisions. § 704(a) of Title VII of 1964 Civil Rights Act ("Title VII") provides basic guidelines for establishing a retaliation claim. Most federal employment discrimination statutes have adopted close variations of the Title VII formula. 42 USC § 2000e-3(a). The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 USC § 621 *et seq.*, the Americans With Disabilities Act of 1990 ("ADA"), 42 USC § 12203, the Equal Pay Act ("EPA") of the Fair Labor Standards Act ("FLSA"), 29 USC § 215, and the Family Medical Leave Act ("FMLA"), 29 USC § 2612 *et seq.* all include retaliation provisions quite similar to Title VII.

Elements of Retaliation. Plaintiff establishes a prima facie case by (1) Engaging in an activity protected under Title VII; (2) Being subjected to an adverse employment action; and (3) a "causal connection" exists between the protected activity and the adverse employment action(s). (*See* Tinsley v. First Union Nat'l. Bank, 155 F.3d 435, 442, 77 FEP Cases 1753 (4th Cir. 1998) *citing* Karpel v. INOVA Health Sys. Servs., 134 F.3d 1222, 1228, 76 FEP Cases 25 (4th Cir. 1998). *See also* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 5 FEP Cases 965 (1973). Once Plaintiff establishes a prima facie case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its action. If Defendant is able to meet this burden - and Plaintiff submits that Defendant has failed to meet this threshold - then Plaintiff is given an opportunity to demonstrate that Defendant's asserted reason for the action is a pretext for discriminatory retaliation. *See e.g.*, Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d, 78 FEP Cases 90 (1st Cir. 1998); Quinn V. Green Tree Credit Corp., 159 F.3d 759, 78 FEP Cases 371 (2d Cir. 1998); Woodson v. Scott Paper Co., 109 F.3d 913, 73 FEP Cases 1237 (3d Cir. 1997); Tinsley, 155 F.3d 435 (4th Cir.);

3

Scrivner v. Socorro Indep. School Dist., 169 F.3d 969, 79 FEP Cases 429 (5th Cir. 1999); Fenton v. HiSan, No. 98-3322, 1999 WL 235639, 79 FEP Cases 1138 (6th Cir. 23Ap99); Parkins v. Civil Constructors of Ill., Inc., 163 F.3d 1027, 78 FEP Cases 1329 (7th Cir. 1998); Artis v. Francis Howell North Band Booster Assoc. Inc., 161 F.3d 1178, 78 FEP Cases 1283 *8th Cir. 1998); Tarin v. County of Los Angeles, 123 F.3d 1259, 79 FEP Cases 1284 (9th Cir. 1997); Penry v. Federal Home Loan Bank of Topeka, 155 F.3d 1257, 79 FEP Cases 1165 (10th Cir. 1998); Berman v. Orkin Extermining Co., Inc., 160 F.3d 697, 78 FEP Cases 720 (11th Cir. 1998); and Thomas v. National Football League Players Assoc., 131 F.3d 198, 76 FEP Cases 1590 (D.C. Cir. 1998).

Adverse Employment Action. Once it has been determined that a protected party engaged in a protected activity, Plaintiff must identify the adverse employment action(s). Such actions may take several forms; e.g., job loss, wage reduction, reassignment, or transfer. Some federal courts have interpreted this issue strictly by finding that retaliation must take the form of an ultimate employment action or "materially affect the terms, conditions, or privileges of employment." See e.g., Ledergerber v. Stangler, 122 F.3d 1142, 1144-45, 74 FEP Cases 1544 (8th Cir. 1997) and Mattern v. Eastman Kodak Co., 104 F.3d 702, 707, 72 FEP Cases 1441 (5th Cir. 1997). However, importantly though, *U.S. EEOC Guidance* reflects its disagreement with this standard, which it characterizes as "unduly restrictive." See 405 FEP Manual @ 7589-90. The *U.S. EEOC Guidance* advocates the broader interpretation adopted by other courts, stating that the statutory protections against retaliation prohibit "any adverse treatment that is based on a retaliatory motive and that is reasonably likely to deter the charging party or others from engaging in protected activity." Id. The Third Circuit exercised this broader standard in Durham Life Ins. Co. v. Evans, 166 F.3d 139, 158, 78 FEP Cases 1434 (3d Cir. 1999). However, even courts that adopt the broader definition have consistently held that the alleged retaliatory conduct must still materially affect the terms, conditions, and privileges of employment. See Munday v. Waste Mgmt. of N. America, Inc., 126 F.3d 239, 243, 74 FEP Cases 1478 (4th Cir. 1997).

Causal Connection. The final element of a retaliation claim requires Plaintiff to prove that the identified adverse employment action was motivated by a protected party's participation in a statutorily-protected activity. *See* Dowe v. Total Action, 145 F.3d 653, 657-58, 77 FEP Cases 151 (4th Cir. 1998). This link between the action and the prohibited rationale may be proven either through direct or circumstantial evidence.

A. <u>Direct Evidence</u>. Direct evidence of a causal connection between an adverse employment action and a retaliatory motive may take several forms. These include a written or oral statement - such as an office memo or a phone conversation - made by the decision maker to the affected party. *See* <u>Kubicko v. Ogden Logistics Services</u>, No. 97-2527, 1999 WL 364836 (4th Cir. June 7, 1999) (alleging retaliation by employer for Plaintiff's opposition to his supervisor's sexual harassment of Plaintiff's co-worker and for Plaintiff's participation in a related protected activity).

B. <u>Circumstantial Evidence (McDonnell Douglas Framework)</u>. Where no direct evidence is available, a Plaintiff may establish a causal connection through circumstantial evidence. Plaintiff must create an inference that the employer's adverse action had a retaliatory motive. *See* <u>King v. Preferred Technical Group</u>, 166 F.3d 887, 892 (7th Cir. 1999). In the instant case, Plaintiff submits that there was ample evidence of retaliatory motive, as shown by the fact that he was written up eight (8) days after initiating EEO protected activity, then counseled again less than thirty (30) days after, then continuously disciplined thereafter.

*Inference of Retaliation*. The creation of an inference of retaliation can be quite simple. *The U.S. EEOC Guidance* recommends presenting evidence that "the adverse action occurred...after the protected activity, and the "person who undertook the adverse action was aware of the Plaintiff's protected activity before taking action." *The U.S. EEOC Guidance* <u>Shirley v. Chrysler First, Inc.</u>, 970 F.2d 39, 59 FEP Cases 1434 (5th Cir. 1992); <u>Kachmar v. Sunguard Data Systems</u>, 109 F.3d 173, 73 FEP Cases 707 (3d Cir. 1997). Plaintiff Chambers initiated an EEO Complaint on March 12, 1997. On March 20, 1997, Defendant VA verbally counseled Plaintiff Chambers (See Plaintiff's Substitute Memorandum of Law in Opposition To Summary Judgment at 32 - 33). Defendant, through its EEO Counselor(s) "was aware of the Plaintiff's protected activity before taking action" in accordance with 29 C.F.R. 1614.

*Legitimate, Non-Retaliatory Reason(s)*. Since Plaintiff created a necessary inference, Defendant VA is given an opportunity to produce a legitimate, non-retaliatory reason for its adverse employment action. *See* <u>EEOC v. Board of Governors of State Colleges and Universities</u>, 957 F.2d 424, 427, 58 FEP Cases 292 (7th Cir. 1992). This is achieved by demonstrating that Defendant "took the adverse action for some reason unrelated to the

5

employee's participation in protected activity." Id. at 427. Defendant asserts various, conflicting reasons for its adverse actions against the Plaintiff, including:

1. Plaintiff was counseled for sick leave usage two years earlier in 1995;
2. Plaintiff had used all of his sick leave, resulting in sick leave restriction;
3. Plaintiff did not provide consistent documentation for his absences;
4. Leave Without Pay ("LWOP") was not an employee right, but a privilege; and that
5. It was reasonable for the Defendant to issue progressive discipline in this case.

Defendant VA fails to provide a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff. By way of example, before this Court was ample medical documentation submitted by the Plaintiff concerning his absences. Defendant fails to comply with its own policies of measuring SL "abuse" and, moreover, violated the relevant collective bargaining agreement ("CBA") provisions concerning leave and governing the relationship between the parties.

*Pretext*. When a defendant succeeds in asserting a legitimate, non-retaliatory reason for an adverse employment action, the plaintiff may only prevail if he/she is able to demonstrate that the rationale presented by the employer is a pretext designed to hide a true, retaliatory intention. *See* Krouse v. American Serilizer Company, 126 F.3d 494, 501, 7 A.D. Cases 662 (3rd Cir. 1997); *see also* St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 519, 113 S.Ct. 2742, 2753-54 (1993) (holding that plaintiff must demonstrate both that the employer's stated rationale is untrue and that the employer's actual motivation was retaliation). Plaintiff Chambers demonstrates Defendant VA's proffered reasons for its adverse actions are retaliatory. See Plaintiff's Substitute Memorandum of Law in Opposition To Summary Judgment at 32 - 39.

The general rule in discrimination cases is that a Plaintiff can survive summary judgment on a retaliation claim in two ways: (1) through direct evidence of retaliation or (2) through indirect evidence under McDonnell-Douglas. See Stone v. City of Indianapolis Public Utilities Div., 281 F.3d 640, 644 (7th Cir.2002).

6

To establish retaliation under the McDonnell-Douglas framework, Plaintiff must show that: (1) he engaged in a statutorily protected activity, (2) he was subjected to an adverse employment action, (3) he was performing his job in a satisfactory manner, and (4) he was treated less favorably than any other similarly situated employees who did not engage in such protected activity. Id. If the plaintiff establishes a prima facie case of retaliation, the defendant must put forth a legitimate non-discriminatory reason for the adverse employment action. "If the defendant presents unrebutted evidence of a noninvidious reason for the adverse action, [it] is entitled to summary judgment. Otherwise, there must be a trial." Id. A causal link between the protected expression and adverse employment action is not required in the second method. Id.

Neither party in this case disputes the fact that Plaintiff engaged in statutorily protected activity (he initiated EEO complaints on March 12, 1997, July 8, 1997 and September 5, 1997). Nor does the Defendant dispute the fact that Plaintiff was rated "fully successful" or "highly successful" in performing his job, and had been recommended for promotion by the Defendant's Classification Specialist, Kelvin Brown. Defendant, however, argues that Plaintiff fails to demonstrate that he suffered an illegitimate, adverse employment action and that he was treated less favorably than similarly situated employees who did not complain. Defendant cannot dispute the fact that Plaintiff was disciplined 8 days after he initiated the EEO process.

Examples of materially adverse employment actions have been held to include: "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities," Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993). Plaintiff clearly suffered adverse employment actions in this case, i.e., verbal counseling, demotion, written counseling, sick leave restriction, admonishment, suspension and removal of federally protected veterans' preference points. His job responsibilities and points were reduced by 700 between the first desk audit and the second desk audit, more than half of his total job points (responsibilities. Defendant's actions were all subsequent and causally related to the Plaintiff's engaging in protected activity.

In Washington v. White, 231 F.Supp.2d 71 (2002), a male former employee at an army medical center brought action against Secretary of the Army alleging he was subjected to a hostile work environment resulting from sexual harassment and retaliation in violation of Title VII. On Secretary's motion to dismiss for failure to state a claim, or alternatively, for summary judgment, the District Court, Walton, J., denying the Defendant's motions, held among other things that Plaintiff's leave restriction and unsatisfactory rating were causally connected to employee's complaint against a female supervisor who entered men's locker room while he was changing clothes. Leave restriction had been was issued by the female supervisor who was the subject of employee's complaint. The supervisor who gave male employee the unsatisfactory rating was familiar with employee's complaint. Civil Rights Act of 1964, S 701 et seq., as amended, 42 U.S.C.A. Section 2000e et seq.

In Gupta v. City of Norwalk, 221 F.Supp.2d 282 (2002) the Plaintiff claimed that the defendant retaliated against her for exercising her rights under the FMLA by, inter alia, preventing her from resuming her duties, preventing other WIC staff from communicating with her, and imposing restrictions on her future use of sick leave.

7

The Court held that the record showed that genuine issues of material fact existed as to whether the defendant retaliated against the plaintiff for exercising her rights under the FMLA and denied the Defendant's Motion for Summary Judgment.

This Court's ruling of September 22, 2003 indicated ruled that there may not have been a causal link from the time Plaintiff engaged in protected activity, i.e. the initiation of his EEO complaint. However, Plaintiff initiated an EEO complaint against defendant on March 12, 10997. On March 20, 1997, 8 days later Defendant issued Plaintiff, an employee in good standing who had been rated fully successful, or highly successful for that rating period, a verbal counseling for apparent abuse of sick leave. The facts are as stated in the Plaintiff's Substitute Memorandum of Law in Support of Opposition to Defendant's Motion for Summary Judgment dated March 27, 2003.

The Defendant stated that the reason for its SL discipline of the Plaintiff "was because 1. That Plaintiff was disciplined with sick leave usage in 1995. 2. That he was disciplined on sick leave by Ms. Oulton for having approved close to 200 hours of leave without pay. 3. Plaintiff had used all of his sick leave, and 4, that supervisors have the discretion as to whether to approve leave without pay, and 5. that LWOP is not an employee right..

The Court accepted Defendant's reasoning stating that the amount of sick leave usage by the Plaintiff was evidence to support discipline. In sum, there was no causal link between the Plaintiff's EEO complaint and the defendant's discipline of the plaintiff beginning eight days later on March 20, 1997, continuing through August 1997, and even after he resigned. See Plaintiff's Substitute Memorandum, 32-49. The Court erred in this respect because The Collective Bargaining Agreement specifically states that leave balances are not to be used as a form of discipline. Plaintiff's Substitute Memorandum, 32,33,37,39,43 and 44.

Plaintiff Chambers argues that the Court's rulings or omissions in this matter, inadvertent or not, constitute plain or clear error. Material issues of fact remain. Despite Plaintiff's requests, the Court has refused to provide Plaintiff its findings of fact(s) and conclusion(s) of law as to its decision granting Summary Judgment in favor of Defendant on the specific issues raised. These errors, whether inadvertent or not, seriously hurt Plaintiff's cause.

THE PLAINTIFF,
MARSHALL CHAMBERS

*/s/ Caleb M. Pilgrim*

CALEB M. PILGRIM, Esq., His Attorney
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue (2d Floor)
New Haven CT 06515-1146
Tel: 203.387.2524
Fed Bar no. ct 14587

8

## CERTIFICATION

I, <u>CALEB M. PILGRIM, Esq.</u>, Plaintiff's Attorney, hereby certify that a copy of the foregoing motion was mailed to Lauren M. Nash, Esq., Assistant U.S. Attorney, U.S. Department of Justice, 157 Church Street, New Haven CT 06510 on April 19, 2004.

CALEB M. PILGRIM, Esq.