UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS, | : | |
| | : | |
| Defendant. | : | April 19, 2004 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTIONS FOR LEAVE TO AMEND COMPLAINT AND TO FILE
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 7(a)(1) of the Local Rules of Civil Procedure, the Defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum in opposition to the Plaintiff's Request for Leave to Amend Complaint (Docket Entry 84) and to his Request for Leave to File Motion for Summary Judgment (Docket Entry 83).

By these motions Plaintiff seeks permission to amend his complaint to add eight new counts, and then he seeks summary judgment on the basis of these amended claims. Plaintiff's motions are unequivocally untimely, completely prejudicial and should be summarily denied.

NO ORAL ARGUMENT IS REQUESTED

First, Plaintiff has again made a motion to this Court without supporting the motion with the required memorandum of law. Local Civil Rule 7(a)(1) requires that a motion involving a disputed issue of law "shall be accompanied by a written memorandum of law . . ." The rule also provides that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion." Neither Plaintiff's motion for leave to amend nor his motion for leave to file for summary judgment is supported by any memorandum of law. This defect alone is sufficient to warrant the denial of the motions.

Second, both of these motions are untimely in the extreme. Like his motion to recuse, these motions were filed just a few days before jury selection and four days before the commencement of trial. The deadline for filing a motion for summary judgment was November 4, 2002. Plaintiff seeks leave to file a substantive motion some seventeen (17) months past this Court-imposed deadline. And Plaintiff offers no explanation for the delay in seeking this amendment, other than his contention that he just learned of the arbitrator's 1997 decision involving the Plaintiff on March 25, 2004. This contention is patently untrue. In fact, on March 12, 2002, in response to the Defendant's October 4, 2001 requests for production, Plaintiff's counsel produced to the Defendant a box of documents that included **this very document**. Thus, Plaintiff has had this document for **at least two years** prior to his motion to amend.

Finally, these motions are without merit. Plaintiff seeks to amend his complaint, and then seeks summary judgment, on the basis of a 1997 arbitration involving the Plaintiff. Plaintiff claims that because the arbitrator made a decision in his favor, the doctrine of res judicata applies

2

in connection with the issue set for trial in this case.   An examination of the arbitrator's decision shows that the Plaintiff's argument is completely groundless.

The arbitration decision, attached to Plaintiff's moving papers as Exhibit A, stemmed from an arbitration that occurred on July 16, 1997.  The issue presented in this proceeding was whether the VA complied with the collective bargaining agreement when it failed to rate the Plaintiff as highly successful.  See Exhibit A, p.2.   This arbitration had nothing to do with the desk audits of 1996 and 1997 or a failure to promote the Plaintiff.

Plaintiff's sole claim in support of his argument is that "the Arbitrator, Lynn Freedman, expressly found that 'the VA did not act properly in this matter. The VA violated the contract by not promoting the Grievant to GS/7.' "  See Plaintiff's Proposed Memorandum in Support of Motion for Summary Judgment at pp. 6, 9, and Plaintiff's Proposed Amended Complaint at p. 10, ¶ 34, citing the Arbitration Decision at p. 5.

Plaintiff's argument represents specious reasoning.  The language which Plaintiff attributes to the Arbitrator was in a section entitled " Arguments of the Parties."  See Exhibit A at pp. 4-5.   In fact, the language was contained in a summary of the **Union's** arguments during the arbitration.  The Arbitrator's opinion and award are contained in the **next** section, appropriately titled "Opinion & Award".  See Exhibit A at pp. 5-6.   While the Arbitrator makes reference to the fact that a position evaluation was done by Kelvin Brown in 1996 recommending a GS-7, this reference is only made in connection with the sustaining of Plaintiff's grievance in which he sought a highly successful performance rating.  See Exhibit A at p. 6.  Nowhere in the Arbitrator's decision does the Arbitrator opine as to the VA's "failure to promote" the Plaintiff, or order the VA to promote him.

The foregoing demonstrates that there is no basis whatsoever to grant the Plaintiff's motion to amend his complaint on the basis of the 1997 Arbitration Award.

As for the remaining proposed amendments, they are equally without merit. On the eve of trial, Plaintiff seeks to submit an eight-count complaint, including two counts alleging breach of contract (Counts I and II); two counts under Title VII alleging failure to promote because of race and gender (Counts III and IV); two counts under Title VII alleging demotion because of race and gender (Counts V and VI); and two counts alleging constructive discharge under Title VII and the Collective Bargaining Agreement (Counts VII and VIII).

This Court has made abundantly clear to the Plaintiff in this case that Plaintiff cannot advance contract claims under state law because of Title VII exclusivity. See March 25, 2004 Ruling on Motion for Reconsideration (Docket Entry 81). Plaintiff's late attempt to add state or common law contract claims must be rejected. Similarly, this Court has rejected the Plaintiff's constructive discharge claim under state law after Plaintiff clarified that his constructive discharge claim was **not** based on Title VII. There is no justification for the amendments proposed by the Plaintiff; they are not supported by law and their allowance would unduly delay this proceeding and further prejudice the Defendant. See Defendant's March 30, 2004 Memorandum in Support of Motion to Dismiss, at p. 3.

While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires, " justice does not require this Court to allow an amendment which is more than a year and a half late, is based on such obvious deficiencies of procedure and misstatements of fact, and is so plainly contrary to law.

For the foregoing reasons, Plaintiff's Request for Leave to Amend Complaint (Docket Entry 84) and to his Request for Leave to File Motion for Summary Judgment (Docket Entry 83) must be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on this 19th day of April, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

                        LAUREN M. NASH
                        ASSISTANT U.S. ATTORNEY
                        157 CHURCH ST.
                        NEW HAVEN, CT  06510
                        (203) 821-3700
                        FEDERAL BAR # ct01705