UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS, | : | |
| | : | |
| Defendant. | : | April 19, 2004 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
PETITION FOR INTERLOCUTORY APPEAL AND
MOTION FOR STAY PENDING INTERLOCUTORY APPEAL**

Pursuant to Rule 7(a)(1) of the Local Rules of Civil Procedure, the Defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum in opposition to the Plaintiff's Motion for Stay Pending Interlocutory Appeal (Docket Entry 88) and his Petition for Interlocutory Appeal (Docket Entry 90). Plaintiff's Motions should be denied because they are untimely and without merit.

First, Plaintiff's petition for interlocutory appeal with respect to the Court's September, 2003 ruling on Defendant's Motion for Summary Judgment is untimely. The fact that the petition also seeks appeal from the recent denial of Plaintiff's motion for reconsideration as to this ruling does not make this petition timely, where the motion for reconsideration was filed four months late and was denied on the basis of untimeliness. An unexplained seven-month delay in

NO ORAL ARGUMENT IS REQUESTED

seeking permission to appeal is grounds for denial of the petition.  See <u>Martens v. Smith Barney, Inc.</u>, 238 F. Supp.2d 596, 601 (S.D.N.Y. 2002)("passage of almost five months prior to the plaintiffs' filing of this motion renders the motion untimely and the motion is denied")(citing <u>In re Buspirone Patent Litigation</u>, 210 F.R.D. 43, 50 (S.D.N.Y. 2002) (unjustified delay of more than three months in filing a motion for interlocutory appeal is sufficient ground to deny the motion); <u>Richardson Elec. v. Panache Broadcasting</u>, 202 F.3d 957, 958 (7th Cir.2000) (two-month delay warranted denial of the petition); <u>Ferraro v. Secretary of U.S. Dept. of Health and Human Services</u>, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denial of petition based on delay of two and a half months)).

In addition, Plaintiff has again made a motion to this Court without supporting the motion with the required memorandum of law.  Local Civil Rule 7(a)(1)  requires that a motion involving a disputed issue of law "shall be accompanied by a written memorandum of law . . ."  The rule also provides that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion."   Plaintiff's motion for stay is not supported by any memorandum of law.  This defect alone is sufficient to warrant the denial of the motion.

Finally, these motions are without merit.  Plaintiff seeks permission to appeal pursuant to 28 U.S.C. § 1292(b).  That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay

proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Interlocutory appeals are not favored. As one federal court in this circuit has stated:

> Federal practice is strongly biased against interlocutory appeals. Appeals from interlocutory orders prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions. See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). In federal courts, the district judge may re-visit earlier decisions and reconsider their wisdom in light of factual and procedural developments in pre-trial and trial proceedings. DiLaura v. Power Authority of State of N.Y., 982 F.2d 73, 76 (2d Cir. 1992) (doctrine of law of the case does not limit court's power to reconsider its own decisions prior to final judgment, particularly in light of the availability of new evidence). Such flexibility, and the sound jurisprudence that it promotes, is compromised by undue liberality in allowing interlocutory appeals.

In re September 11 Litigation, No. 21 MC 97(AKH), 2003 WL 22251325, at *1 (S.D.N.Y. 2003). Thus, while 28 U.S.C. § 1292(b) provides for interlocutory appeals, the circumstances under which certification may granted are limited. As noted above, "[a] district judge may certify an order for interlocutory appeal if the 'order involves a controlling question of law, as to which there is substantial ground for difference of opinion,' and where an immediate appeal may "materially advance the ultimate termination of the litigation.' " In re September 11 Litigation, 2003 WL 22251325, at *1 (quoting 28 U.S.C. § 1292(b)).

The most important requirement of section 1292(b) "is the probability that immediate appellate review will materially advance the ultimate termination of the litigation." U.S. ex rel. Mikes v. Straus, 939 F. Supp. 301, 302 (S.D.N.Y. 1996)(citing Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir.), cert. denied, 405 U.S. 1041 (1972)). In fact, the Second Circuit has noted that "[t]he courts have tended to make the 'controlling question' requirement one with the requirement that its determination 'may materially advance the ultimate termination of the

3

litigation' and that '[t]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.' " Straus, 939 F. Supp. at 302 (quoting In re Duplan Corp. 591 F.2d 139, 148 n. 11 (2d Cir.1978)) (additional citation omitted).

Use of the certification process set forth in section 1292(b) procedure must be strictly limited, since "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " Straus, 939 F. Supp. at 302 (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990) and citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).  For this reason, the district judge has "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met," In re September 11 Litigation, 2003 WL 22251325, at *1 (quoting Gulino v. Board of Education, 234 F. Supp.2d 324, 325 (S.D.N.Y.2002) and Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F.Supp.2d 139, 162 (E.D.N.Y.1999)).

Plaintiff has not presented this Court with any evidence that there is a "controlling question of law, as to which there is substantial ground for difference of opinion," or that an immediate appeal may "materially advance the ultimate termination of the litigation. "  He simply disagrees with the Court's rulings granting summary judgment and denying his untimely and insufficient motion for reconsideration.  Far from materially advancing this litigation, an appeal at this juncture would inordinately delay these proceedings, especially in light of the stay sought by Plaintiff.  This case presents "unexceptional circumstances [which require] adherence to the basic policy of postponing appellate review until after the entry of final judgment." Straus, 939 F. Supp. at 302.

In short, Plaintiff's petition for interlocutory appeal is untimely and completely groundless. This Court would be well within its discretion in denying Plaintiff's unsupported petition for such extreme relief.[1]

For the foregoing reasons, Plaintiff's Motion for Stay Pending Interlocutory Appeal (Docket Entry 88) and his Petition for Interlocutory Appeal (Docket Entry 90) must be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705

---

[1] The Plaintiff's motion for stay should be denied in light of the fact that the petition for interlocutory appeal is without merit. See e.g., Straus, 939 F. Supp. at 302 (" Because we decline to certify the Order for immediate appeal, we see no reason to stay proceedings in this action ...")

CERTIFICATE OF SERVICE

      This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on this 19th day of April, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

      LAUREN M. NASH
      ASSISTANT U.S. ATTORNEY
      157 CHURCH ST.
      NEW HAVEN, CT  06510
      (203) 821-3700
      FEDERAL BAR # ct01705