UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS, | : | |
| | : | |
| Defendant. | : | April 27, 2004 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR EXCLUSION OF WITNESSES**

Pursuant to Rule 7(a)(1) of the Local Rules of Civil Procedure, the Defendant, Anthony

J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits

this memorandum in opposition to the Plaintiff's Motion for Exclusion of Witnesses (Docket

Entry 94). Plaintiff's Motion should be denied because it is procedurally and substantively

deficient.

First, Plaintiff continues to disregard the rules of this Court by submitting yet another

motion without the required memorandum of law. Local Civil Rule 7(a)(1) requires that a

motion involving a disputed issue of law "shall be accompanied by a written memorandum of

law . . ." The rule also provides that "[f]ailure to submit a memorandum may be deemed

sufficient cause to deny the motion." Plaintiff's motion for exclusion of witnesses is not

supported by any memorandum of law. This defect alone is sufficient to warrant the denial of

the motion.

NO ORAL ARGUMENT IS REQUESTED

In addition, Plaintiff's motion is without merit. Plaintiff seeks sequestration under "Rule 615 of the Federal Rules of Civil Procedure." It is probable that Plaintiff intended to refer to Rule 615 of the Federal Rules of Evidence. Pursuant to that rule,

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

"Rule 615 codified a well-established common law tradition of sequestering witnesses 'as a means of discouraging and exposing fabrication, inaccuracy, and collusion.' " U.S. v. Jackson 60 F.3d 128, 133 (2d Cir. (1995) (quoting Fed.R.Evid. 615, Advisory Committee Notes). However, it is within the discretion of the trial court to determine whether a particular witness falls within one of the foregoing exemptions of Rule 615. Jackson, 60 F.3d at 134-35.

Plaintiff argues for exclusion of witnesses on the grounds that the government's witnesses lack credibility. While Plaintiff freely makes this serious accusation, he fails to identify which of the government's witnesses are suspect, or to define what he means by his statement that "there have been several, demonstrable references by others . . . to the credibility (or lack thereof) of some of the government's witnesses." It is beyond audacity for Plaintiff to believe that he can obtain relief from this Court in spite of his flouting of the Court's rules and his making spurious accusations without the slightest factual support.

There may well be legitimate reasons for a sequestration order at some point in this case. However, the issuance of such an order is inappropriate on the basis of the Plaintiff's moving

papers.  Further, a sequestration order would be premature at this time because the final issues

for trial have not yet been established, and the witnesses may well change depending on the

rulings of this Court.

     For the foregoing reasons, Plaintiff's Motion for Exclusion of Witnesses (Docket Entry

94) must be denied.

                         Respectfully submitted,

                         KEVIN J. O'CONNOR
                         UNITED STATES ATTORNEY


                         _____

                         LAUREN M. NASH
                         ASSISTANT U.S. ATTORNEY
                         157 CHURCH ST.
                         NEW HAVEN, CT  06510
                         (203) 821-3700
                         FEDERAL BAR # ct01705

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, postage

prepaid, on this 27th day of April, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515


LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705

4