UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. PRINCIPI | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF VETERAN'S AFFAIRS, | : | |
| | : | |
| Defendant. | : | April 28, 2004 |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING PLAINTIFF TO INTRODUCE EEO AFFIDAVITS AT TRIAL

Pursuant to Rule 7(a)(1) of the Local Rules of Civil Procedure, the Defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum in opposition to the Plaintiff's Motion for Order Permitting Plaintiff To Introduce EEO Affidavits at Trial (Docket Entry 96). Plaintiff's Motion should be denied because it is procedurally and substantively deficient.

First, Plaintiff continues to disregard the rules of this Court by submitting yet another motion without the required memorandum of law. Local Civil Rule 7(a)(1) requires that a motion involving a disputed issue of law "shall be accompanied by a written memorandum of law . . ." The rule also provides that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion." Plaintiff's motion is not supported by any memorandum of law. This defect alone is sufficient to warrant the denial of the motion.

NO ORAL ARGUMENT IS REQUESTED

In addition, Plaintiff's motion is without merit. Plaintiff seeks an order under Rule 804 of the Federal Rules of Evidence to introduce EEO affidavits in lieu of testimony. Pursuant to Rule 804(b)(1), the former testimony of a witness is not considered hearsay when the declarant is unavailable as a witness. However, there are qualifications to this hearsay exception. First, the declarant must be unavailable as that term is defined in Rule 804(a). That section provides:

> (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant--
>
> > (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or
> >
> > (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or
> >
> > (3) testifies to a lack of memory of the subject matter of the declarant's statement; or
> >
> > (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or
> >
> > (5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means. . .

Plaintiff does not allege that the witnesses in question are "unavailable" as that term is defined in subsections (a)(1), (2), (3), or (4), above. Rather, Plaintiff appears to allege that he cannot procure the witnesses' attendance pursuant to subsection (a)(5) because he does not know their location.

Plaintiff has not established that he is entitled to submit the EEO affidavits of witnesses in lieu of their live testimony. He has failed to identify to which witnesses he is referring. Instead, he seeks a blanket order from the Court allowing him to introduce "any affidavits or

testimony" proffered by VA employees, "who may now be out of state, or no longer employed by the Defendant, or whose whereabouts are presently unknown."  See Plaintiff's Motion for Order at p.1.  Further, Plaintiff has failed to describe what steps he took to procure the witnesses' attendance.  Undersigned counsel submits that the only step Plaintiff's counsel took to procure their attendance at trial was to list them as witnesses, and when advised that not all of them were in Connecticut, to ask the government to produce them, at government expense.  It is true that the undersigned counsel refused to pay "for its employees to come to Bridgeport to testify on the Plaintiffs' behalf."  See Plaintiff's Motion for Order at p.6.  The government is under no such obligation with respect to the Plaintiff's witnesses.

 Second, the hearsay exception set forth at Rule 804(b)(1) pertains to:

> testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, <u>if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.</u>

(emphasis added).  Plaintiff argues that "Defendant . . . had both the opportunity and motive to develop the testimony of these witnesses by direct, cross or redirect examination" at the EEO hearings which produced the affidavits in question.  See Plaintiff's Motion for Order at p.2.  This is simply untrue.  Counsel for the VA did not participate in the EEO hearings, and there was no cross examination of any of the witnesses called.

 While Plaintiff has not made this argument, the government wishes to point out that EEO findings may be admissible under the public records exception to the hearsay rule.  See Fed.R.Evid. 803(8)(C); <u>Frazier v. Widnall</u>, No. 1:94-CV-988-JMF, 1995 WL 807169, *2 (N.D.Ga. 1995) (the EEOC file, including the testimony from the hearing and all documentary

evidence, would be admissible at trial under Fed.R.Evid. 803(8)(C)). However, such administrative findings do not have to be admitted categorically. Paolitto v. John Brown E. & C., Inc. 151 F.3d 60, 65 (2d Cir. 1998). "Generally, . . . the fact that evidence is within an exception to the hearsay rule does not by itself make it admissible per se. The district court generally has discretion to exclude such hearsay on other grounds, such as where the evidence's probative value is substantially outweighed by the danger of unfair prejudice." Paolitto. 151 F.3d at 65 (citing Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167-68 (1988)). Therefore, Rule 803(8)(C) should not permit admission of the EEO statements simply because they are a part of a public record.

Finally, any order relating to witness testimony would be premature at this time because the final issues for trial have not yet been established, and the witnesses may well change depending on the rulings of this Court.

For the foregoing reasons, Plaintiff's Motion for Order (Docket Entry 96) must be denied.

            Respectfully submitted,

            KEVIN J. O'CONNOR
            UNITED STATES ATTORNEY


            _____
            LAUREN M. NASH
            ASSISTANT U.S. ATTORNEY
            157 CHURCH ST.
            NEW HAVEN, CT  06510
            (203) 821-3700
            FEDERAL BAR # ct01705

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on this 28th day of April, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

                              LAUREN M. NASH
                              ASSISTANT U.S. ATTORNEY
                              157 CHURCH ST.
                              NEW HAVEN, CT  06510
                              (203) 821-3700
                              FEDERAL BAR # ct01705