UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| ANTHONY J. PRINCIPI SECRETARY, U.S. DEPARTMENT OF VETERAN'S AFFAIRS, | : | |
| Defendant. | : | May 11, 2004 |

**DEFENDANT'S MEMORANDUM ON**
**THE ISSUE OF HYBRID REPRESENTATION**

Defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum on the issue of whether the Plaintiff should be permitted to proceed *pro se* in this action when he is already represented by counsel. Plaintiff has addressed this issue (Docket Entry 98 ) but has failed to establish his entitlement to such representation.

Federal statutory and case law are clear that a party my represent himself or be represented by counsel, but is not entitled to both types of representation. Pursuant to 28 U.S.C. § 1654, ". . . parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Courts interpreting section 1654 have found that there is no right to "hybrid representation." As the

NO ORAL ARGUMENT IS REQUESTED

Second Circuit has held, "the rights of self-representation and representation by counsel 'cannot be both exercised at the same time.' " O'Reilly v. New York Times Co., 692 F.2d 863, 868 (2d Cir. 1982) (quoting United States v. Mitchell, 137 F.2d 1006, 1010 (2d Cir. 1943), cert. denied, 321 U.S. 794 (1944)).   The Second Circuit explained:

> Although a trial judge may in his discretion permit a party to enjoy both halves of the statutory right, see United States v. Swinton, 400 F.Supp. 805, 806 (S.D.N.Y.1975) and cases cited therein, Section 1654 does not itself confer any right to "hybrid representation". United States v. Wolfish, 525 F.2d 457, 462-63 (2 Cir.1975) . . . Accord, United States v. Hill, 526 F.2d 1019 (10 Cir.1975) . . . ; United States v. Daniels, 572 F.2d 535 (5 Cir.1978). Thus, a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained. See Wolfish, supra, 525 F.2d at 462.

O'Reilly, 692 F.2d at 868.   In United States v. Edwards, 101 F.3d 17, 19 (2d Cir. 1996), the Second Circuit upheld the trial court's denial of a request by a pro se **criminal** defendant to deliver his closing argument but to have a lawyer examine his witnesses.  The Court held that the defendant was seeking a hybrid defense, that is, to have counsel examine witnesses and then to argue on his own behalf.  The Court rejected this argument, holding that "[t]here is no such right." Edwards, 101 F.3d at 19 (citing United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir.1989)).   See also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (citing O'Reilly and Mitchell, holding that "a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time."); Jones v. Hirschfeld,

No. 01 Civ. 7585(PKL), 2003 WL 21543531, *1, n.6 (S.D.N.Y. 2003)(citing O'Reilly, noting that "the right to counsel and the right to self-representation cannot be exercised at the same time.")

In this case the Plaintiff clearly seeks hybrid representation. He wants to continue having Attorney Pilgrim represent him in this case, but also wants to represent himself and has filed an appearance on his own behalf, at the present for purposes of pursuing an interlocutory appeal of this Court's decisions concerning the government's motion for summary judgment. In support of his argument for such representation, Plaintiff cites the case of Hayes v. Hawes, 921 F.2d 100 (7th Cir. 1990) for the proposition that the appellate court would consider the arguments raised in a pro se brief when that party had already submitted an appeal brief through counsel. See Plaintiff's Brief (Docket Entry # 98) at p.2. However, in Hayes, the Seventh Circuit so held because the plaintiff was **not** seeking hybrid representation during the course of the district court case, "in the middle of the trial." Hayes, 921 F.2d at 101. This is far different than the request of the Plaintiff, who seeks to represent himself during the proceedings of this district court.

Such hybrid representation is not permitted under law and should not be allowed in this case. For the foregoing reasons, Plaintiff's request for hybrid representation (Docket Entry 98) must be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.

NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct01705


CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on this 11th day of May, 2004, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515


LAUREN M. NASH
ASSISTANT U.S. ATTORNEY