UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL CHAMBERS,<br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERAN'S<br>AFFAIRS,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:      CIVIL ACTION NO.<br>     3:00cv656 (SRU) |

### RULING ON PLAINTIFF'S MOTION TO DISQUALIFY

The Plaintiff, Marshall Chambers, moves pursuant to 28 U.S.C. §§ 144 and 455 that I disqualify myself from any further proceedings in this case. Accompanying the Plaintiff's "Motion to Disqualify Judge for Personal Bias or Prejudice" [Doc #87] is the "Plaintiff's Affidavit" ("Chambers Aff.") and a "Certificate of Good Faith," as required by 28 U.S.C. § 144. Chambers has also submitted a "Supplementary Affidavit Supporting Motion to Disqualify" ("Supplemental Aff.").

In order to show my personal prejudice and bias against him, Chambers' Affidavits allege the following factual statements, which are assumed to be true for purposes of this motion. My bench ruling on September 19, 2003 suggested that all of Chambers' Title VII claims were without merit. Chambers Aff. ¶ 6(A). My September 19, 2003 ruling that Chambers' failure to promote claim was "weak," appeared "sarcastic." Chambers Aff. ¶ 6(B). Not producing written rulings on Chambers' retaliation claims shows a reluctance to explain my decisions. Chambers Aff. ¶ 6(C). I failed to allow a motion to reconsider and articulate, which was presented to the court 112 days late. Chambers Aff. ¶ 6(D). I granted summary judgment on claims that

Chambers' felt should have been heard by a jury. Chambers Aff. ¶ 6(E). I dismissed Chambers' retaliation claim and failed to produce a written ruling, in spite of the evidence presented. Chambers Aff. ¶ 6(F)(G)(H)(I) and (L). I failed to see the causal link between Chambers' discrimination complaint and the subsequent discipline he received. Chambers Aff. ¶ 6(J). I did not engage in sufficient fact finding before granting summary judgment. Chambers Aff. ¶ 6(K). I failed to accept Chambers' contention regarding what constitutes retaliation. Chambers Aff. ¶ 6(M). I should have allowed Chambers to amend his complaint, to correctly bring his constructive discharge claim under Title VII. Chambers Aff. ¶ 6(N). The aforementioned "facts" collectively make Chambers "uncomfortable" and lead him to believe that I cannot be fair in his case. Chambers Aff. ¶ 6(O).

The Supplemental Affidavit charges that I was partisan in my dealings with opposing counsel (Supplemental Aff. ¶¶ 6-10), and that I lacked "common courtesy" in my dealings with Chambers and his attorney (Supplemental Aff. ¶¶ 11-12).

**The Standard Governing Disqualification**

Sections 144 and 455 of Title 28 both provide grounds for judicial disqualification. 28 U.S.C. § 144 provides, in pertinent part, that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144. Similarly, section 455 provides, in relevant part, that:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

2

>   (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

The court must first address the propriety of a presiding judge personally deciding a disqualification motion directed at him. Notwithstanding the language of 28 U.S.C. § 144 that upon the filing of a timely and sufficient affidavit a judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding," it is well settled that a motion to recuse is decided by the judge assigned to the case. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("Discretion is confided in the district judge in the first instance to determine whether to disqualify himself. The reasons for this are plain. The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion."), *cert. denied sub nom.*, Milken v. S.E.C., 490 U.S. 1102 (1989); *see also* Apple v. Jewish Hosp. and Medical Center, 829 F.2d 326, 333 (2d Cir. 1987); Holmes v. NBC/GE, 925 F. Supp. 198, 201 (S.D.N.Y. 1996) ("trial judge is vested with discretion to determine whether to disqualify herself"); United States v. IBM Corp., 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979) (only after a judge finds that the facts asserted establish a legally sufficient claim of personal bias or prejudice must another judge be assigned to hear the proceedings), *aff'd*, In re IBM Corp., 618 F.2d 923 (2d Cir. 1980).

Thus, although section 144 requires "the assignment of the case to 'another judge' to hear the proceeding once a 'timely and sufficient affidavit' alleging bias or prejudice is proffered, it is still within the discretion of the trial court to determine, at the outset, the legal sufficiency of the affidavit supporting the motion." Holmes, 925 F. Supp. at 201, *citing* Apple, 829 F.2d at 333; *see*

*also* Wolfson v. Palmieri, 396 F.2d 121, 124 (2d Cir. 1968) (per curiam) (judge whose disqualification is sought has legal obligation to determine the legal sufficiency of the supporting affidavit in the first instance).

The papers supporting a motion for disqualification are considered against an objective standard that is the same under both sections 144 and 455.  *See* Apple, 829 F.2d at 333; Holmes, 925 F. Supp. at 201.  Under that standard, the trial court must determine, "[whether] a reasonable person, knowing all the facts and circumstances, would conclude that the trial judge's impartiality could reasonably be questioned." United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000).

The judge to whom a party directs a recusal motion, however, is presumed to be impartial, Wolfson, 396 F.2d at 126, and the burden the movant must carry to overcome this presumption is "substantial."  United States v. IBM, 475 F. Supp. at 1379; Holmes, 925 F. Supp. at 201; Farkas v. Ellis, 768 F. Supp. 476, 478 (S.D.N.Y. 1991); McCann, 775 F. Supp. at 1522.

In passing on the grounds of personal bias and prejudice, the facts alleged in a supporting affidavit must be accepted as true.  Berger v. United States, 255 U.S. 22, 41 (1921).  The judge may not question either the truth of the allegations or the good faith of the affidavit, even if the judge knows to a certainty that the allegations of personal prejudice are false.  In re Martin-Trigona, 573 F. Supp. at 1244; McCann 775 F. Supp. at 1523-24.  In other words, a judge is required to evaluate the legal sufficiency, but not the truth, of the allegations.  Berger, 255 U.S. at 36.  This statutory obligation, however, does not preclude a court from placing the facts alleged in

4

their proper context and examining all the surrounding circumstances.[1]  Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966); United States v. IBM, 475 F. Supp. at 1379-80.

The requirement of legal sufficiency has been interpreted to mean that the presiding judge must determine whether the reasons and facts stated in the affidavit "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."  Berger, 225 U.S. at 33-34.  The affidavit must show a true personal bias and must state specific facts and not mere conclusions or generalities.  United States v. IBM, 475 F. Supp. at 1379; McCann, 775 F. Supp. at 1524; Hunt, 557 F. Supp. at 376 ("[a]n application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions.").  The test, therefore, "is not the subjective feelings or 'beliefs' of the movants."  McCann, 775 F. Supp. at 1524; Hunt, 557 F. Supp. at 376; Markus, 545 F. Supp. at 1000; United States v. Corr, 434 F. Supp. 408 (S.D.N.Y. 1977).  "There must be factual content to the allegations upon which recusal is sought before a judge's 'impartiality might reasonably be questioned.'"  McCann, 775 F. Supp. at 1524, *quoting* Hunt, 557 F. Supp. at 376-77.

### Legal Sufficiency of the Chambers Affidavits

Considering only the legal sufficiency of Chambers' affidavits in support of the instant motion, and accepting the facts alleged in those affidavits as true, the motion to recuse must be denied.  Chambers' affidavits do not set forth facts that could lead a reasonable person to believe

---

[1] In this case, the surrounding circumstances include the following facts: Chambers' counsel had failed to comply with an order concerning the filing of the joint pretrial memorandum, the Defendant had filed a motion in limine and a motion to dismiss based upon this failure, and the case was two days away from jury selection when the motion to disqualify was filed.  Predictably, jury selection was postponed in response to the filing of the motion for disqualification.

that my impartiality in this case might reasonably be questioned.

The allegations made by Chambers may be rendered down to three basic grievances: (1) I am biased and prejudiced based on comments made during conferences, and the manner in which I have dealt with the attorneys (Chambers Aff. ¶ 6(B); Supplemental Aff. ¶¶ 6-12.); (2) I am biased and prejudiced based on my rulings thus far in Chambers' case (Chambers Aff. ¶¶ 6(A),(E),(F),(G),(I),(J),(K),(M),(N), and (O)); and (3) I am biased and prejudiced based on the fact that I ruled from the bench as opposed to issuing written rulings (Chambers Aff. ¶¶ 6(C),(D),(G),(H),(L), and (O)).

With regard to the allegation that comments I have made show that I am biased and prejudiced, the Supreme Court has held that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). The Court continued by noting that "expressions of impatience, dissatisfaction, annoyance, and even anger" will not establish bias or partiality. Id. at 555-56.

Under Liteky, it is clear that barring extraordinary circumstances, judicial behavior toward litigants and counsel is generally not proper grounds for recusal. Id. at 555. Under such a standard the movant would have to show that a possibly critical comment made by the court was motivated by some extrajudicial source. Id. There is no extrajudicial motivation alleged in Chambers' Affidavits. With this in mind, the motion cannot be granted based upon any comments that were allegedly made during the course of the proceedings.

The second group of claims that Chambers asserts focuses around the rulings thus far in the case. Chambers Aff. ¶¶ 6(A), (E), (F), (G), (I), (J), (K), (M), (N), and (O). The issue of bias

6

and prejudice created by previous rulings was also addressed by the Supreme Court in <u>Liteky</u>, where the Court held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  510 U.S. at 555; *see* <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966).  The Court went on to state that only in the "rarest circumstances" can judicial rulings alone "evidence the degree of favoritism or antagonism required when no extrajudicial source is involved."  510 U.S. at 555.  The law is clearly settled on this issue and simple in its application to the matter at hand.  There is nothing alleged by Chambers in his Affidavits, that would lead a reasonable person to believe that the court's rulings in this litigation fall within the "rarest circumstances" required for recusal.  *See* <u>Id.</u>

    Finally, Chambers contends that I am biased and prejudiced based on the fact that I ruled from the bench as opposed to issuing written rulings in the matters disposed of thus far in this case, and refused to articulate or reconsider those rulings when asked to do so.  Chambers Aff. ¶¶ 6(C),(D),(G),(H),(L), and (O).  This group of complaints fails to raise a valid basis for disqualification for much the same reason as did the prior group.  If the substance of the rulings cannot support disqualification, it is difficult to conceive how the procedural handling of those issues could support disqualification.  The court is aware of no authority supporting Chambers' argument.

    **<u>Conclusion</u>**

    The Second Circuit has held that "a judge is equally obligated not to recuse himself when the facts do not give fair support to a charge of prejudgment, as he is to excuse himself when the facts warrant such action."  <u>United States v. Diorio</u>, 451 F.2d 21, 24 (2d Cir. 1971), *cert. denied*, 405 U.S. 955 (1972); *see also* <u>In re Drexel</u>, 861 F.2d at 1312.  Furthermore:

> "It is vital to the integrity of the system that a judge not recuse himself on unsupported, irrational or highly tenuous speculation." McCann [v. Communications Design Corp.], 775 F. Supp. [1506,] 1523 [(D. Conn. 1991)]. Recusal motions should not be used as strategic devices to "judge shop." Id. at 1522. Further, a judge must be free to make rulings on the merits in a case without the apprehension that if he rules unfavorably to one litigant, he may have created the impression of bias or impartiality. Id.

Franco, 2002 WL 63803 at *4. Because the plaintiff has set forth no adequate basis for this court to order its own disqualification and because my impartiality in this proceeding cannot reasonably be questioned, the motion to disqualify is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 15th day of June 2004.

          /s/ Stefan R. Underhill
          Stefan R. Underhill
          United States District Judge