UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 22  A 9:06

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

MARSHALL CHAMBERS,
Plaintiff,

v.

ANTHONY J. PRINCIPI,
Defendant.

CIVIL ACTION NO.
3:00cv656 (SRU)

## RULING ON PENDING MOTIONS

The plaintiff, Marshall Chambers, recently filed thirteen motions in the above referenced matter. Defendant, Anthony J. Principi[1], recently filed two motions. In the interest of efficiency, this ruling will address all of the outstanding motions made by the parties. Now pending are the following motions made by Chambers: (1) Motion for Leave to File for Summary Judgment (**doc. # 83**); (2) Motion to Amend/Correct Complaint (**doc. # 84**); (3) Motion to Stay (**doc. # 88**); (4) Motion for Leave to Appeal (**doc. # 90**); (5) Motion for Exclusion/Sequestering of Witnesses (**doc. # 94**); (6) Motion to Permit Plaintiff to Introduce Excerpts from prior proceedings at trial (**doc. # 96**); (7) Motion for Leave to Proceed in Forma Pauperis (**doc. # 100**); (8) Motion for Default Judgment (**doc. # 101**); (9) Motion for Default Judgment (**doc. # 102**); (10) Motion for Leave to File (**doc. # 103**); (11) Motion for Clarification Status Conference (**doc. # 104**); (12) Motion to Appoint Counsel (**doc. # 105**); and (13) Motion for Relief from Judgment (**doc. # 106**). Principi's motions are two: Motion in Limine (**doc. # 78**) and Motion to Dismiss (**doc. #**

---

[1] The original defendant in this action was then-Secretary of the U.S. Department of Veterans Affairs, Togo D. West, Jr. On October 10, 2000, Herschel W. Gober, then-Acting Secretary of the U.S. Department of Veterans Affairs was substituted for West. On February 26, 2001, the current defendant, Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs was substituted for Gober.

**85**). For the following reasons, the Motion for Exclusion/Sequestration of Witnesses (**doc. # 94**) is granted. All other motions (**docs. # 78, 83, 84, 85, 88, 90, 96, 100, 101, 102, 103, 104, 105, 106**) are denied.

**Plaintiff's Motions**

Motion for Leave to File for Summary Judgment (**doc. # 83**) and Motion to Amend/Correct Complaint (**doc. # 84**): Chambers seeks to add eight new counts to his complaint and, simultaneously, to move for summary judgment on those additional claims. Chambers makes his Motion to Amend/Correct Complaint pursuant to Fed. R. Civ. P. 15, which provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Having chosen to file this motion four days before the scheduled start of trial, long after the filing of responsive pleadings, the establishment of the trial calendar, and the twenty-day window following service, Chambers' counsel cannot rely on the standard provisions of Rule 15. Opposing counsel has not consented to this untimely amendment, and I find that the interest of justice does not require granting a motion to amend/correct Chambers' original complaint.

I reach this conclusion in large part because of the faulty rationale underlying Chambers' Motion for Leave to File for Summary Judgment. Chambers makes this motion seventeen months outside the November 4, 2002 deadline, claiming that it would have been impossible for him to make such a motion in a timely fashion because he was unaware of an arbitration proceeding he

2

participated in during 1997. Counsel for Principi notes that on October 4, 2001, pursuant to a request for production, she provided Chambers' counsel with the arbitrator's 1997 decision. Furthermore, the 1997 arbitration proceeding addressed a failure to rate Chambers as "highly successful." Plaintiff's Request for Leave to File Motion for Summary Judgment Nunc Pro Tunc, Exhibit A at 2. The arbitrator's opinion and award did not touch on issues relevant to this litigation: desk audits of Chambers from 1996 and 1997 and an alleged failure to promote.[2] In addition, the proposed Amended Complaint seeks to revive Title VII and contract claims already decided by way of summary judgment. Chambers' counsel provides no response to these compelling counter arguments. The Motion for Leave to File for Summary Judgment and the Motion to Amend/Correct Complaint are hereby denied.

Motion to Stay (**doc. # 88**) and Motion for Leave to Appeal (**doc. # 90**): Chambers moves for permission to file an interlocutory appeal of the order granting in part and denying in part Principi's motion for summary judgment entered on September 22, 2003[3] and to stay the litigation pending the outcome of this appeal. The prevailing rule in the federal courts is to "delay appellate review until a final judgment as been entered." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). Interlocutory appeals under 28 U.S.C. § 1292(b) are appropriate in rare cases in which there are contested and controlling questions of law and an immediate appeal may "avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir.

---

[2] The proposed Amended Complaint quotes the arbitration award as holding that the "VA violated the contract by not promoting the Grievant to GS/7." This statement was not part of the award, but rather merely set forth the argument made by the Union during arbitration.

[3] The petition for permission to file an interlocutory appeal (doc. # 90) was signed by the plaintiff rather than by his counsel. A party represented by counsel has no right to file motions over his own signature. This is a sufficient reason to deny this motion.

1996). Granting an interlocutory appeal at this point in the litigation would only hinder the progress of a case that has been pending for years, and that was mere days away from trial when leave to file an interlocutory appeal was first sought.

It is clear that Chambers disagrees with the ruling on the defense motion for summary judgment, but it is not clear that there are controlling questions of law informing this disagreement. Even when all criteria of section 1292(b) have been met, the district court maintains "unfettered discretion to deny certification of an order for interlocutory appeal . . . ." In re September 11 Litigation, 2003 WL 22251325 at 1 (S.D.N.Y. 2003) (internal citations omitted). Therefore, Chambers' Motion to Stay and Motion for Leave to Appeal are denied.

Motion for Exclusion/Sequestering of Witnesses (**doc. # 94**) and Motion to Permit Plaintiff to Introduce Excerpts from prior proceedings at trial (**doc. # 96**): Chambers' Motion for Exclusion/Sequestration of Witnesses is in keeping with my general practice and is therefore granted. Neither the plaintiff nor a representative of the defendant will be excluded from the courtroom by this ruling. In granting this motion, I make no finding with regard to the credibility of witnesses for either party. Chambers' Motion to Permit Plaintiff to Introduce Excerpts from prior proceedings at trial is denied without prejudice as unnecessary. To the extent that evidence presented at trial is consistent with Federal Rule of Evidence 804(b), it will be admitted. Thus, the Motion for Exclusion/Sequestration of Witnesses is granted, whereas the Motion to Permit Plaintiff to Introduce Excerpts from prior proceedings at trial is denied without prejudice.

Motion for Leave to Proceed in Forma Pauperis (**doc. # 100**): The Second Circuit has concluded that "the rights of self-representation and representation by counsel cannot be both exercised at the same time." O'Reilly v. New York Times Co., 692 F.2d 863, 868 (2d Cir. 1982)

(internal citations omitted). Individuals who wish to represent themselves in court must "clearly and unequivocally discharge any lawyer previously retained." Id. at 868 (internal citations omitted). Because Chambers cannot represent himself while continuing to retain counsel, his Motion to Proceed in Forma Pauperis is hereby denied without prejudice.

Motions for Default Judgment (**doc. # 101** and **102**): Chambers has filed two motions for default judgment: one for failure to file an answer addressed to the proposed Amended Complaint; the other for failure to oppose Chambers' Motion for Summary Judgment on the claims sought to be raised in the proposed Amended Complaint. As an initial matter, these motions are procedurally flawed because Chambers seeks a default judgment without first having sought and obtained a default. See Fed. R. Civ. P. 55(a) and (b). In addition, because I have granted neither leave to amend the complaint, nor leave to file for summary judgment on that amended complaint, a default based on the failure to respond to either has not occurred. Nevertheless, Principi opposed both the Motion for Leave to File an Amended Complaint and the Motion for Leave to file a Summary Judgment Motion in Defendant's Memorandum in Opposition to Plaintiff's Motions for Leave to Amend Complaint and to file Motion for Summary Judgment on April 20, 2004, within the twenty-one day deadline established in Local Rules of Civil Procedure 7(a)(1). That Memorandum in Opposition is docketed as entry # 107. Both of the motions for default judgment are therefore denied.

Motion for Leave to File Motion for Relief (**doc. # 103**) and Motion for Relief from Judgment or Order (**doc. # 106**): These motions are properly characterized by Principi's counsel as a reiteration of the motion for reconsideration (doc. # 70), which itself was a reiteration of Chambers' oral argument made on September 22, 2003. That argument was not persuasive on

5

September 22, 2003, was not persuasive prior to the March 24, 2004 ruling, and is not persuasive today. Moreover, both motions seek relief under Rule 60(b). That rule applies only to a final judgment or order, neither of which has entered in this case. Accordingly, these motions are denied.

Motion to Clarify (**doc. # 104**): Chambers also moves for clarification of the March 31, 2004 ruling made during a telephone conference. As the transcript attached to Chambers' motion makes clear, the ruling is straightforward: "We'll put trial preparation on hold pending resolution of some of these motions." Plaintiff's Motion to Clarify, Attachment at 21. No further clarification is required. This ruling serves as the resolution of all of the pending motions, and trial preparation can now proceed in accordance with my prior ruling and prior orders regarding the requirement to file a joint pretrial memorandum. Motion # 104 is denied.

Motion to Appoint Counsel (**doc. # 105**): Finally, Chambers moves to appoint counsel. This motion is moot in light of the fact that Chambers is presently represented by counsel. This motion is denied without prejudice on that basis.

**Defendant's Motions**

Motion in Limine (**doc. # 78**): Although Principi is right to point out that Chambers failed to meet ordered pretrial deadlines, Chambers now appears to have complied with the duty to disclose witnesses and exhibits to be used at trial. I am sympathetic to Principi's argument that Chambers' failure to meet relevant deadlines could prejudice Principi's ability to prepare for trial, however, trial preparation had been stayed until these motions can be resolved, and this additional time softens the blow of any potential prejudice. Granting this motion will preempt Chambers'

6

ability to present his case. Accordingly, this motion is denied.

Motion to Dismiss (**doc. # 85**): There is little doubt that Chambers' counsel has failed to comply with court orders. Granting a motion to dismiss on the basis of Chambers' counsel's failures to comply with court orders and pre-trial deadlines will unduly prejudice Chambers. Thus, this motion is denied without prejudice to the filing of a motion for sanctions.

## Conclusion

For the foregoing reasons, Chambers' Motion for Exclusion/Sequestration of Witnesses (**doc. # 94**) is GRANTED. All other motions (**docs. # 78, 83, 84, 85, 88, 90, 96, 100, 101, 102, 103, 104, 105, 106**) are DENIED.

SO ORDERED this _21st_ day of July 2004 at Bridgeport, Connecticut.

Stefan R. Underhill
United States District Judge