UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL CHAMBERS,<br>                Plaintiff,<br>v.<br><br>ANTHONY PRINCIPI, Secretary,<br>U.S. Department of Veterans Affairs,<br>                Defendant. | )<br>) CIVIL No. 3:00CV00656(SRU)<br>)<br>)<br>)<br>) DATE: September 13, 2004<br>) |

2004 SEP 14  P 4: 46
US DISTRICT COURT
BRIDGEPORT CT

## PLAINTIFF'S SUPPLEMENTARY PRETRIAL SUBMISSION

In addition to all those witnesses listed in the Plaintiff's Supplementary Pretrial Memorandum dated March 25, 2004, Plaintiff may call the following witnesses:

1. Paul Stepanovich, Ph.D.
   Associate Professor
   School of Management
   Southern Connecticut State University
   501 Crescent Street
   New Haven, CT 06511

2. Norman Gehrline, Ph.D.
   Blind Rehabilitation Center
   VA Medical Center
   950 Campbell Avenue
   West Haven, CT 06516

3. Christine Covington
   EEO Officer or the Keeper of Records
   VA Medical Center
   950 Campbell Avenue
   West Haven, CT 06516

4. Delma Haskell-Jiggetts or
   Keeper of Records
   Department of Veterans Affairs
   Office of Resolution Management (08M)
   200 Springs Road
   Bedford, MA 01730

1

As to Plaintiff's Exhibits, Plaintiff will offer all those exhibits listed in Plaintiff's Supplementary Disclosure dated March 25, 2004 and designated with an asterisk. i.e. Exhibits 1.0001 ("Plaintiffs Appointment to VA Medical Center") through 8.002 ("Collective Bargaining Agreement...")and 13.000 ("Employment Job Searches").

In addition, Plaintiff reserves the right to offer any exhibits, which are factually relevant and material to the Plaintiff's claims that the Defendant failed to promote the Plaintiff based on his race, gender and religion. These may also include, but are not limited to other exhibits the Defendant may consider to be evidence of retaliation. Nowhere in the history of Plaintiff's employment with the Defendant did the employer document anywhere the alleged deficiencies in the Plaintiff's performance prior to the Defendant's failure to promote. Such exhibits will thus not be offered for the purposes of supporting a claim of retaliation but to invalidate the reasons proffered by the Defendant for denying the Plaintiff promotion and to show that the latter reasons were pretextual.

More specifically, Plaintiff will also seek to introduce a report by the Defendant (e.g., VA Office of Equal Opportunity; VA's ORM) which admits that during the period Plaintiff was employed by the Defendant blacks were more likely to be the victims of discrimination regardless of education, profession or grade.

Defendant has proposed and Plaintiff has agreed that Defendant will incorporate the foregoing into the Parties' Joint Pretrial Memorandum.

2

THE PLAINTIFF
MARSHALL CHAMBERS

By: _____
CALEB M. PILGRIM, Esq.
**Law Offices of Caleb M. Pilgrim, LLC**
1404 Whalley Avenue - 2nd Floor
New Haven, CT 06510
Tel: 203-387-2524
Federal Bar No. ct 14857

### **CERTIFICATION**

This is to certify that a copy of the foregoing was faxed and mailed, postage prepaid, this 13th. day of September 2004 to Attorney Lauren Nash, AUSA, US DOJ 157 Church Street, New Haven, CT 06510.

_____
CALEB M. PILGRIM, Esq.