UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CHAMBERS, | : | Docket No. 3:00CV00656 (SRU) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| A. JAMES NICHOLSON, SECRETARY, U.S. DEPARTMENT OF VETERAN'S AFFAIRS, | : : : | |
| | : | |
| Defendant. | : | February 7, 2005 |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE</u>**

The Defendant, A. James Nicholson, Secretary of the U.S. Department of Veterans Affairs, hereby respectfully submits this memorandum in support of his Motion in Limine in connection with the above-captioned case. By this motion Defendant seeks an order from the Court precluding the Plaintiff from introducing certain exhibits and testimony in the February 14, 2005 of this case due to his failure to comply with the Court's Pre-Trial Order.

This Court's Pretrial Order dated September 24, 2003 requires that "[e]ach party shall provide the name, address and a brief summary of the anticipated testimony of all witnesses by separately listing (a) the witnesses the party expects to call at trial; and (b) the witnesses the party may call to trial if the need arises." The Order further states that "[w]itnesses not listed shall not be permitted to testify at trial, except for good cause shown." Similarly, Section 10 of the Order requires that "[e]ach party shall identify all exhibits that it may present at trial, by providing a

NO ORAL ARGUMENT IS REQUESTED

brief description of each exhibit, and by separately listing the exhibits that the party (a) expects to offer at trial; and (b) may offer at trial if the need arises." This section also states that "[e]xhibits not listed will not be admitted at trial except for good cause shown." Although Plaintiff's counsel has provided some information about his witnesses and exhibits, his submission fails to comply with this Court's Pre-Trial Order and warrants their preclusion.

I.      Witnesses

The records reflects that Plaintiff's counsel has formally identified Plaintiff's witnesses in two documents filed with the Court.  The first is the parties' pretrial submission of March 8, 2004 (Docket Entry 76)  in which he listed nine (9) witnesses:

> Marshall Chambers
> Kelvin Brown
> Kim Chapman
> Edgar Colon
> Jeffrey S. Lustman,  M.D.
> Bernadette R. Oulton, R.N., M.S.N.
> Margaret F. Veazey, Associate Medical Center Director/Patient Care
> Phil Moschitta, Associate Medical Center Director
> Deneen C. Askew

No information was given concerning the substance of the witnesses' testimony.  The second filing is a Supplementary Pretrial Submission filed on September 14, 2004 (Docket Entry 120). There Plaintiff's counsel listed four additional witnesses:

> Paul Stepanovich, Ph.D., Associate Professor, S.C.S.U.;
> Norman Gehrline, Ph.D. Blind Rehabilitation Center at the VA;
> Christine Covington, EEO Officer at the VA; and
> Keeper of Records at the VA Office of Resolution Management, Bedford MA,

Again, no information was given concerning the substance of the witnesses' testimony. For this reason alone their testimony should be precluded. In any event, Defendant's position is that these are the only documents disclosing Plaintiff's trial witnesses which were properly filed with the Court.

Plaintiff's counsel did send a facsimile message to undersigned counsel and to the Court in which he listed additional witnesses. Specifically, on March 25, 2004, Mr. Pilgrim faxed a "Supplementary Pretrial Memorandum". In this document he listed thirteen (13) witnesses who are expected to testify, including several witnesses not previously identified, as indicated below:

| Witness | |
|---|---|
| Leo Calderone | NEW |
| Kelvin Brown | |
| Kim Chapman | |
| Deneen Askew | |
| Patricia Brady | NEW |
| Carl Lister | NEW |
| Neil Faulkner | NEW |
| Paul Mulinsky | NEW |
| Bernie Oulton | |
| Edgar Colon | |
| Lynn Freedman | NEW |
| Marshall Chambers | |
| Mary Newell | NEW |
| Margaret Veazey | NEW |
| Virginia Christensen | NEW |
| Gerry Doloff | NEW |
| Richard Daniels | NEW |

A review of the Court's docket reflects that this document was never filed with the Court.

Defendant's position is that Plaintiff has not properly disclosed these new witnesses by merely sending a facsimile to the Court. Pursuant to Rule 5(f) of the Local Rules of Civil Procedure for the District of Connecticut, "[c]opies of pleadings may be served on counsel through the use of a facsimile machine, provided that service of a typewritten copy of the

3

identical pleading is made simultaneously by regular mail." However, "[c]opies of pleadings <u>may not be filed with the Clerk's Office through the use of a facsimile machine</u> or other electronic means" (emphasis added). For this reason these undisclosed witnesses (Calderone, Brady, Lister, Falkner, Mulinsky, Freedman, Newell, Veazey, Christensen, Doloff and Daniels) should not be permitted to give testimony on behalf of the Plaintiff.

Further, Plaintiff should not be allowed to offer the testimony of Dr. Mary Newell on the grounds that Dr. Newell has never provided an expert report. Pursuant to the Fed. R. Civ. P. 26(a)(2):

> . . . with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Plaintiff disclosed Dr. Newell during the course of discovery in this case but has never produced the requisite written report. The absence of such a report warrants the preclusion of this witness.

In addition, Plaintiff's counsel has recently indicated that he intends to offer the testimony of two listed witnesses, Kelvin Brown and Deneen Askew, by affidavit. However, as the Defendant has previously argued in its April 28, 2004 Memorandum in Opposition to Plaintiff's Motion for Order Permitting Plaintiff to Introduce EEO Affidavits at Trial (Docket Entry 110), Plaintiff has not established that admission of such affidavits is appropriate. Indeed , this Court

ruled that "[t]o the extent that evidence presented at trial is consistent with Federal Rule of Evidence 804(b), it will be admitted." See Ruling dated July 22, 2004 (Docket Entry 117) at p.4 (emphasis added). Plaintiff has not established that he is entitled to introduce such evidence under Federal Rule of Evidence 804(b).

Finally, Plaintiff's counsel has recently indicated by e-mail message to the undersigned counsel that he intends to offer the testimony of Oscar Torres. Mr. Torres is not on any of the Plaintiff's lists, filed or otherwise. His testimony should be disallowed on this basis.

II.     Exhibits

On March 19, 2004, Defendant's trial exhibits were hand-delivered to Plaintiff's counsel. Plaintiff's counsel has not filed any document with the Court listing his exhibits. Instead, he listed his exhibits by facsimile dated March 25, 2004. Plaintiff's counsel later produced his Exhibits 1-9, but each with so many sub-parts that the total number of exhibits was **68**. Most of these exhibits relate to claims in the case that have been dismissed by this Court. In addition, the description of the exhibits was so vague that undersigned counsel could not identify them.

On August 16, 2004, this Court held a Call of the Calendar during which evidentiary matters were addressed. At that time the Court indicated to Plaintiff's counsel that the witnesses and exhibits offered at trial should be limited to the remaining issue, that of the failure to promote following the desk audit. On September 14, 2004 Plaintiff submitted a Supplemental Pretrial Submission in which he indicated that he would offer all of the exhibits listed in his March 25, 2004 disclosure marked with an asterisk. Defendant counts these marked exhibits to total **62**.

5

During a telephone conference call on February 1, 2005, the Court advised Plaintiff's counsel to provide the Defendant with clearly marked exhibits. Plaintiff's counsel vowed to do so no later than February 4, 2005. However, no exhibits were provided on that day. Following jury selection on February 4th, Plaintiff's counsel promised to provide the exhibits by Monday, February 7, 2005. As of this writing, one hour shy of the close of business, no exhibits have been provided.

The continued delinquence of Plaintiff's counsel should no longer be condoned by this Court. It is well past the time for the Plaintiff's counsel to advise the Court and counsel what Plaintiff's trial evidence will be. Defendant continues to be prejudiced by his failure to properly identify this evidence, and Defendant's witnesses have had to delay their travel plans and rearrange their schedules while Plaintiff's counsel makes these last-minute decisions. The Court should issue an order precluding Plaintiff's exhibits, and limiting him to the testimony of those witnesses disclosed in accordance with the Orders and Rules of this Court.[1]

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
LAUREN M. NASH, ct01705

---

[1] Defendant also seeks an order precluding the Plaintiff from offering evidence concerning claims that have been dismissed by this Court. For example, Plaintiff's counsel advises that he will present testimony of Plaintiff's wage loss from the time of the desk audit to the present. However, this Court dismissed Plaintiff's constructive discharge claim, which means that any wage loss based on the difference in pay grade should only be calculated until August of 1997 when the Plaintiff resigned.

                ASSISTANT U.S. ATTORNEY
                UNITED STATES ATTORNEY'S OFFICE
                157 CHURCH STREET, P.O. BOX 1824
                NEW HAVEN, CT  06510
                Telephone: (203) 821-3700
                Facsimile:  (203) 773-5373
                E-mail: lauren.nash@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Memorandum in Support of Motion in Limine has been served by facsimile machine and simultaneously mailed, postage prepaid, on this 7th day of February, 2005, to:

Caleb M. Pilgrim, Esq.
Law Offices of Caleb M. Pilgrim, LLC
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515
FAX (203) 387-2527

                LAUREN M. NASH
                ASSISTANT U.S. ATTORNEY