## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARSHALL CHAMBERS,        :
    Plaintiff,            :
                       :        CIVIL ACTION NO.
    v.                   :        03:00cv656 (SRU)
                       :
R. JAMES NICHOLSON,       :
SECRETARY OF VETERANS AFFAIRS,  :
    Defendant.          :

---

## JURY INSTRUCTIONS

Members of the jury, you now have heard all of the evidence.  At this point, I am going to instruct you about the law that applies to this case.  At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial.  Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you listen carefully and pay close attention.  You have been provided with a copy of my instructions so that you can read along as we go.  Please do not write on these copies because they will be collected at the end of my instructions and you will not be permitted to take them into the jury room with you.  Only one official copy will be allowed in the jury room for your consideration.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats-- namely, the verdict form.  After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you

the following: the original of the verdict form, the original exhibits, a copy of these instructions, and any personal notes that you may have taken.  At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS

### ROLE OF THE COURT

As Judge, I perform basically two functions during the trial.  First, I decide what evidence you may consider.  You have heard me doing that throughout the trial.  Second, I instruct you on the law that you are to apply to the facts in this case.  I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely.

If either of the lawyers state the law differently from the way I am explaining it to you, you are to follow my instructions.

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

This is a long instruction, and I may repeat certain parts.  That does not mean that those parts should be emphasized.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.  The order in which I give you instructions does not  indicate their relative importance.  Do not read into these instructions, or into anything I have said or done, any suggestion about what verdict you should return-- that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

## BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties to a dispute a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.

## OBJECTIONS AND RULINGS

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. You should not prefer or dislike an attorney or his client because the attorney made objections -- or because the attorney failed to make objections.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have granted a motion to strike, you must disregard the part of the answer that was stricken, because it is not

evidence.

## DUTIES OF THE JURY

It is your duty to find the facts from all the evidence in the case. In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you. And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the plaintiff must do in order to win this case. My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the plaintiff by the appropriate burden of proof, even if I simply use the word "find." Likewise, I will speak of the parties "establishing" various facts. Even if I simply use the word "establish," you must find that fact have been established by the appropriate burden of proof.

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the plaintiff has the burden of proving every disputed part of his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, the plaintiff must prove that the fact is more likely true than not true. In other words, if you find that the credible evidence on a given issue is evenly divided between the plaintiff and the defendant, then you must decide that issue for the defendant. However, if the plaintiff proves that a fact is more likely true than not, even slightly more true than not, then you are to find that the plaintiff has proven the fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should not consider or discuss that standard in your deliberations.

## SECTION II: ISSUE IN THIS CASE

NATURE OF THE CASE

The plaintiff, Marshall Chambers, has sued the Secretary of the U.S. Department of Veterans Affairs as a result of the actions taken by the VA Connecticut Healthcare System, West

Haven Campus ("VA").  Mr. Chambers has brought this action under Title VII of the United

States Code and alleges discrimination by representatives of the VA during his employment there

in the 1990's.  Mr. Chambers claims that the VA discriminated against him based on his race and

gender both when the VA failed upgrade his position from a GS-6 to a GS-7 despite a human

resources recommendation to do so and when the VA changed Mr. Chambers' job from Secretary

to Program Clerk.  The defendant denies that the VA discriminated against Mr. Chambers.  The

defendant also alleges that the classification decisions the VA made were legitimate and

reasonable.

   In order to succeed on either of his claims, Mr. Chambers must prove several elements,

each by a preponderance of the evidence.

## GS CLASSIFICATION

   With respect to his claim that the VA discriminated against him by failing to upgrade his

position from a GS-6 to a GS-7, Mr. Chambers must prove: first, that he is a member of a

protected class, such as a racial or ethnic minority; second, that he that he was qualified for the

position he sought; third, that the position was open or available, and fourth, that his race or

gender was a motivating factor in the decision not to promote him.

   Consider these elements in order.  Only move on to deliberation of the next element if you

find the prior one established by a preponderance of the evidence.  If you find that the plaintiff has

not established one of these elements by a preponderance of the evidence, then you must find for

the defendant on this claim.

-6-

First Element - Protected Class

With respect to the first element, there is no dispute that Mr. Chambers is a black male, and therefore a member of a protected class. You may consider this fact established.

Second Element - Qualifications

For the second element, you must determine whether Mr. Chambers' duties and responsibilities qualified his position for classification as a GS-7.

Third Element - Position Open

The parties do not dispute the third element.

Fourth Element - Discriminatory Motivation

The fourth element requires you to determine whether either Mr. Chambers' race or gender was a motivating factor in the VA's decision not to upgrade Mr. Chambers' position from a GS-6 to a GS-7.

In order for Mr. Chambers to show that race or gender was a motivating factor in the VA's decision, he is not required to prove that either fact was the sole, or even primary, motivation for defendant's decision. It is sufficient for him to prove that race or gender was one motivating factor in the VA's decision and had a determinative influence on the outcome of that decision.

The VA has argued that its decision regarding Mr. Chambers' position was not based on discriminatory considerations. It claims it made its decision because of the nature of the position. Even if you reach the conclusion that this was not the VA's real motivation, that, in and of itself, is not enough to make the defendant liable. Mr. Chambers is still required to prove, by a preponderance of the evidence, that one of the motivating factors in the VA's decision was his

race or gender.  However, if you think that the VA is not telling the truth about its reason for taking that action it did, you are permitted – but not required – to infer that its stated reason is merely a pretext for discrimination.

 For the purpose of this case, you must assume that the VA was entitled to base its decision on any factor except gender or race.  Accordingly, you may not find the VA liable simply because you think it made a bad decision, an unfair decision, or a decision you would not have made.  You may only find the VA liable if you find that race or gender was a motivating factor in its decision.

## CHANGE FROM SECRETARY TO PROGRAM CLERK

With respect to his claim that the VA discriminated against him by changing his job from Secretary to Program Clerk, Mr. Chambers must prove: <u>first</u>, that he is a member of a protected class, such as a racial or ethnic minority; <u>second</u>, that he that he was qualified for the position he held, i.e., Secretary; <u>third</u>, that the reclassification was an "adverse employment action," and <u>fourth</u>, that his race or gender was a motivating factor in the decision to reclassify him.

As before, consider these elements in order.  Only move on to deliberation of the next element if you find the prior one established by a preponderance of the evidence.  If you find that the plaintiff has not established one of these elements by a preponderance of the evidence, then you must find for the defendant on this claim.

### First Element - Protected Class

With respect to the first element, as before, there is no dispute that Mr. Chambers is a black male, and therefore a member of a protected class.  You may consider this fact established.

<u>Second Element - Qualification</u>

For the second element, you must determine whether Mr. Chambers was qualified for his old position, i.e., his Secretary position.

<u>Third Element - Adverse Employment Action</u>

For the third element, you must determine whether the VA's decision to change Mr. Chambers' job constituted an "adverse employment action." An adverse employment action is a materially adverse change in the terms and conditions of employment. In order to be considered material, a change must be more disruptive than a mere inconvenience. Examples of such material adverse changes include demotion. A demotion may be evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities.

<u>Fourth Element - Discriminatory Motivation</u>

The fourth element you must determine whether either Mr. Chambers' race or gender was a motivating factor in the VA's decision to change Mr. Chambers' job from Secretary to Program Clerk. Though I will not repeat them, all the instructions I gave you previously concerning discriminatory motivation apply here as well.

## <u>SECTION III: INSTRUCTIONS FOR DELIBERATIONS</u>

### <u>THREE FORMS OF EVIDENCE</u>

Next I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations.

It is the witnesses's answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict.

What the lawyers say in their opening statements, closing arguments, comments, objections and questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me,

indicate any opinion about the weight or effect of such evidence. Exhibits that have been marked

for identification may not be considered by you as evidence unless and until they have been

received into evidence by the court. Exhibits were received into evidence either because the

parties stipulated to their admission, or when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection are not evidence unless

they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard

and to the exhibits you have seen.

<u>DIRECT & CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence includes a witness's testimony

about something the witness knows by virtue of his or her own sense -- something he or she has

seen, felt, touched or heard.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other

facts.

For example, assume that when you came into the courthouse this morning the sun was

shining and it was a nice day. Assume that, because there are no windows in this courtroom, you

could not look outside. As you were sitting here, someone walked in with an umbrella that was

dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now,

you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you

have no direct evidence of that fact. But on the combination of facts that I have asked you to

assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

<u>INFERENCE DEFINED</u>

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. The mere existence of an inference

against a defendant does not relieve a plaintiff of the burden of establishing his case by a preponderance of the evidence. Finally, you may not draw any inferences from the mere fact that the plaintiff filed this lawsuit.

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor -- that is, their behavior, manner and appearance while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your every day lives. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor,

-13-

intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

<u>IMPEACHMENT OF WITNESS</u>

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

<u>UNCONTRADICTED TESTIMONY</u>

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor or because of the improbability of his testimony or for other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## DAMAGES

If, after deliberating, you decide that the plaintiff has proven each element of his claim, then you should turn to the issue of damages for the claim or claims you have found the plaintiff to have proven.  The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages.  It is your function to decide the issue of liability; I am instructing you on elements of damages only so that you will have guidance should you decide that the plaintiff is entitled to recover damages on any claim. You should not consider the question of damages unless and until you find the defendant liable to the plaintiff.

You should award damages only for those injuries caused by the conduct you find satisfies the elements of race or gender discrimination, in accordance with these instructions.

There are three different types of damages - (a) compensatory,  (b) nominal, and (c) punitive.  Let me now explain each type to you.

A.     COMPENSATORY DAMAGES

If you return a verdict for the plaintiff, then you may award him a sum of money that you believe will fairly and justly compensate him for any injury you decide the plaintiff actually sustained as a direct consequence of the conduct of the defendant.  The purpose of compensatory damages is to place the plaintiff in as good a position as he would have been in were it not for the defendant's wrongful conduct.

One important, but unusual, feature of a Title VII case, such as this one, is that in your deliberations on the subject of damages you are *not* to take in to consideration the plaintiff's lost

wages – either past or future.  These amounts, if any, will be determined by me at a later time.

You shall award actual damages only for those injuries that you find the plaintiff has proven by a preponderance of the evidence to have been the direct result of the defendant's conduct.  That is, you may not simply award actual damages for any injury suffered by the plaintiff -- you can award actual damages only for those injuries that are a direct result of actions by parties named in the case.

You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from such a violation.  Thus, even if you find that the defendant is liable for the claim in the complaint, you then have to ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims he suffered.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  The amount of compensatory damages may include reasonable compensation for any pain, discomfort, fear, humiliation, anxiety and other emotional loss the plaintiff has proven he actually suffered as a result of the defendant's conduct.

Again, let me remind you that your calculation of compensatory damages should not include any lost wages that the plaintiff may have suffered as a result of the defendant's action.

B.      NOMINAL DAMAGES

A second type of damages is called nominal damages.  If you find that the plaintiff has proven a claim against the defendant, but you find that the plaintiff suffered or proves no injury, you must award the plaintiff what are called "nominal damages."

"Nominal damages" are awarded as recognition that a plaintiff's rights have been violated. You would award nominal damages if you conclude that the plaintiff's rights were violated, without any resulting compensatory damages. You should also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in speculation or guesswork.

You may not award both nominal and compensatory damages to the plaintiff; either the plaintiff was measurably injured, in which case you must award compensatory damages, or he was not or you cannot reasonably calculate such damage, in which case you should award nominal damages.

"Nominal damages" are a token sum, such as ten dollars.

C.     PUNITIVE DAMAGES

Punitive damages are not an issue in this case, and you are not to consider them.


NOTE TAKING

I am now done with the instructions on the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

## JURY BIAS

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all litigants are equal before the law. You should not, therefore consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties. Similarly, it would be wrong for you to allow feelings you might have about the nature of the claims against the defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties. Each of the parties to this case must be regarded as equals by you. This is the agreement you made when you were selected as jurors and it is the position that must guide your deliberations.

## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

[BREAK FOR CLOSING ARGUMENTS]

-18-

## LAWYERS' ARGUMENTS ARE NOT EVIDENCE

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

## CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

-19-

A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or clerk that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the special verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in *italics print* after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The *italicized instructions* will guide you through the verdict form. Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will have exhibits with you but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of the testimony, and reading the testimony is a time consuming process, so please be as specific as possible if and when you decide to request a

reading of portions of the testimony.

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the clerk or a marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you for your attention.